**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **In re XM Satellite Radio Holdings Securities Litigation** | ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 06-0802 *ESH*

**This Document Relates to:**

**All Actions**

## MOTION FOR APPOINTMENT OF ADAM BARBER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF COUNSEL

Adam Barber (hereinafter "Movant"), will, and hereby does, move this Court for an order granting Movant's motion for appointment as Lead Plaintiff pursuant to §21D of the Securities Exchange Act of 1934 and for approval of his choice of counsel as Lead Counsel (the "Motion").

This Motion is brought pursuant to §21D of the Securities Exchange Act of 1934 on the grounds that Movant has timely filed this Motion and that he is the "most adequate plaintiff." Moreover, Movant meets the requirements of Rule 23 of the *Federal Rules of Civil Procedure* for the purposes of this Motion in that his claims are typical of the other class members' claims and that he will fairly and adequately represent the class. Movant also seeks the Court's approval of his selection of Yourman Alexander & Parekh LLP as Lead Counsel, and Cuneo Gilbert & Laduca, LLP as Liaison Counsel, law firms which have substantial experience in prosecuting securities fraud class actions, pursuant to §21D(a)(3)(B)(v).

///

///

///

This Motion is based on the accompanying memorandum of points and authorities in support thereof, the pleadings and other files in the above captioned action, and such other written or oral argument as may be permitted by the Court.

DATED: June 30, 2006

Jonathan W. Cuneo, Esq. (DC Bar # 939389)
Jon Tostrud, Esq.
CUNEO GILBERT
& LADUCA, LLP

Jonathan W. Cuneo

507 C Street NE
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

*Proposed Liaison Counsel for the Class*

Vahn Alexander, Esq.
Janine Sperandeo, Esq.
YOURMAN ALEXANDER
& PAREKH LLP
3601 Aviation Blvd., Suite 3000
Manhattan Beach, CA 90266
Tel: (310) 725-6400
Fax: (310) 725-6420

*Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **In re XM Satellite Radio Holdings Securities Litigation** | ) ) ) ) ) | |
| | ) | **Civil Action No. 06-0802** |
| **This Document Relates to:** | ) ) | |
| **All Actions** | ) ) ) ) | |

## CERTIFICATE OF SERVICE

I, Jonathan W. Cuneo, a member in good standing of the bar of this Court, certify that on June 30, 2006, I caused a true and correct copy of the Motion for Appointment of Adam Barber as Lead Plaintiff Pursuant to §21D of the Securities Exchange Act of 1934 and to Approve Lead Plaintiff's Choice of Counsel, the Memorandum of Points and Authorities in Support of Motion for Appointment of Adam Barber as Lead Plaintiff Pursuant to §21D of the Securities Exchange Act of 1934 and to Approve Lead Plaintiff's Choice of Counsel with attachments, and a Proposed Order Granting Motion for Appointment of Adam Barber as Lead Plaintiff Pursuant to §21D of the Securities Exchange Act of 1934 and to Approve Lead Plaintiff's Choice of Counsel to be served via email and first class mail on:

Steven J. Toll
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
stoll@cmht.com

*Attorney for Plaintiffs Morris Satloff, Stephen L. Carey, Eugene Vassiltsov, Li-Jay Chu, Justin Davis and Janet L. Frank*

Daniel S. Sommers
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
dsommers@cmht.com

*Attorney for Plaintiff Lou Ann Murphy*

Burton John Fishman
FORTNEY & SCOTT
1750 K Street, NW
Suite 325
Washington, DC 20006
bfishman@fortneyscott.com

*Attorney for Plaintiff Gary Boland*

Gary Edward Mason
THE MASON LAW FIRM
1225 19th Street, NW
Suite 500
Washington, DC 20036
gmason@masonlawdc.com

*Attorney for Michael A. Bernstein*

Donald J. Enright
FINKELSTEIN THOMPSON & LOUGHRAN
1050 30th Street, NW
Washington, DC 20007
dje@ftlaw.com

*Attorney for Plaintiff Gerald Alan Cassel, Sr.*

Kimberly Anne Chadwick
DOHERTY, SHERIDAN & PERSIAN
8408 Arlington Boulevard
Fairfax, VA 22031
kchadwick@dsp-law.com

*Attorney for Plaintiff Booth Family Trust*

Christopher J. Herrling
WILMER CUTLER & PICKERING
HALE & DORR LLP
2445 M Street, NW
Washington, DC 20037
cherrling@wilmer.com

*Attorney for Defendant XM SATELLITE RADIO HOLDINGS INC. and Hugh Panero*

Gary M. Parsons
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

Nathaniel A. Davis
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

Thomas J. Donohue
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

Eddy W. Hartenstein
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

George W. Haywood
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

Chester A. Huber, Jr.
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

John Mendel
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

Jarl Mohn
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

Jack Shaw
1500 Eckington Place, NE
Washington, DC 20002

*Defendant*

DATED: June 30, 2006

Jonathan W. Cuneo, Esq. (DC Bar# 939389)
Jon Tostrud, Esq.
CUNEO GILBERT
& LADUCA, LLP

_Jonathan W. Cuneo_ by /William Anderson
Jonathan W. Cuneo

507 C Street NE
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

*Proposed Liaison Counsel for the Class*

Vahn Alexander, Esq.
Janine Sperandeo, Esq.
YOURMAN ALEXANDER
& PAREKH LLP
3601 Aviation Blvd., Suite 3000
Manhattan Beach, CA 90266
Tel: (310) 725-6400
Fax: (310) 725-6420

*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re XM Satellite Radio Holdings Securities Litigation ) ) ) ) ) | Civil Action No. 06-0802 |
| This Document Relates to: ) ) | |
| All Actions ) ) ) ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF ADAM BARBER AS LEAD PLAINTIFF PURSUANT TO §21D OF THE SECURITIES EXCHANGE ACT OF 1934 AND TO APPROVE LEAD PLAINTIFF'S' CHOICE OF COUNSEL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     SUMMARY OF THE ACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    MOVANT SATISFIES THE PSLRA AND SHOULD BE
        APPOINTED LEAD PLAINTIFF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.      Movant Makes this Motion Within 60 Days of Publication of Notice . . . . . . . . 5

        B.      Movant Has the Largest Financial Interest in the Relief Sought . . . . . . . . . . . . . 5

        C.      The Proposed Lead Plaintiff Is Qualified Under Rule 23 . . . . . . . . . . . . . . . . . . 5

                1.      The Claims of the Proposed Lead Plaintiff are Typical of
                        the Claims of the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                2.      The Proposed Lead Plaintiff will Fairly and Adequately
                        Represent the Interests of the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S
        CHOICE OF LEAD COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Baan Co. Sec. Litig.*,
271 F. Supp. 2d 3 (D.D.C. 2002) ............................................................................. 5, 8

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976) ................................... 7

*De La Fuente v. Stokely-Van Camp, Inc.*,
713 F.2d 225 (7th Cir. 1983) ..................................................................................... 6

*Epstein v. MCA, Inc.*,
50 F.3d 644 (9th Cir. 1995), *rev'd on other grounds sub nom.* ..................................... 6

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ............................................................................... 5

*Lax v. First Merchants Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................................. 6

*Matsushita Elec. Indus. Co. v. Epstein*,
516 U.S. 367 (1996) ................................................................................................. 6

*Modell v. Eliot Sav. Bank*,
139 F.R.D. 17 (D. Mass. 1991) ................................................................................... 7

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*,
637 F.2d 1014 (5th Cir. 1981) ................................................................................... 6

*Priest v. Zayre Corp.*,
118 F.R.D. 552 (D. Mass. 1988) ................................................................................. 6

*Rossini v. Ogilvy & Mather, Inc.*,
798 F.2d 590 (2d Cir. 1986) ...................................................................................... 6

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*,
122 F.R.D. 251 (C.D. Cal. 1988) ................................................................................ 7

## FEDERAL STATUTES

§21D of the Securities Exchange Act of 1934 ................................................. *in passim*

15 U.S.C. §78u-4 ......................................................................................... *in passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

Adam Barber (hereinafter "Movant" or "Proposed Lead Plaintiff") respectfully submits his motion for "Appointment as Lead Plaintiff Pursuant to §21D of the Securities Exchange Act of 1934 and to Approve Lead Plaintiff's Choice of Counsel" (the "Motion").

## I.    INTRODUCTION

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4), Movant respectfully submits this memorandum in support of his Motion for: (i) the appointment of Movant as Lead Plaintiff in the consolidated action; and (ii) approval of his choice of Yourman Alexander & Parekh LLP as Lead Counsel, and Cuneo Gilbert & LaDuca, LLP as Liaison Counsel, in this consolidated action.[1]

Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws.  Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which a class action is filed under the PSLRA, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --

(I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)   that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

The first complaint filed against defendants was *Satloff v. XM Satellite Radio Holdings, Inc., et al.*, Civil Action No. 06-0802, which was commenced on or about May 1, 2006.  Shortly thereafter, counsel in that action (Cohen, Milstein, Hausfeld & Toll, P.L.L.C.) caused notice to

---

[1] The Court previously consolidated Civil Action Nos. 06-0802, 06-0857, 06-0877, 06-0889, 06-0905, 06-0926, 06-0929, 06-0952, and 06-0973. *See* Consolidation Order, dated June 7, 2006.

be published on *Business Wire* which informed potential class members of the pendency of the action and their right to move to be appointed Lead Plaintiff and to designate their choice of Lead Counsel within 60 days.[2] *See Exhibit A* attached hereto.

The PSLRA also provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section of the Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to presume that the most adequate plaintiff is the person, or group of persons, which:

(aa)   has either filed the complaint or made a motion in response to a notice . . .;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Movant acquired XM Satellite Radio Holdings, Inc. ("XM" or the "Company") securities during the relevant time period and suffered damages of approximately $252,000 as a result of defendants' violations of the federal securities laws. *See Exhibit B* attached hereto.[3] Movant also believes that he has the largest financial interest in the relief sought by the class and is thus presumptively entitled to appointment as Lead Plaintiff.

---

[2]   Since that time, a number of additional notices were published by other counsel which conveyed the same information to prospective class members.

[3]   The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

Finally, Movant satisfies the requirements of Rule 23 of the *Federal Rules of Civil Procedure* because his claims are typical of the claims of the class, and he will fairly and adequately represent the interest of the class since his interests are clearly aligned with the members of the class and he has retained experienced class counsel to represent the class. Accordingly, Movant hereby seeks approval for his appointment as Lead Plaintiff and for appointment of his counsel as Lead Counsel and Liaison Counsel.

## II.    SUMMARY OF THE ACTIONS

XM is a Delaware Corporation with headquarters in Washington, D.C. The Company operates as a satellite radio service business primarily throughout the United States. XM provides news, information, music, entertainment and sports programming to home, vehicle and portable radio receivers.

Beginning on or about May 1, 2006, a number of complaints for violations of federal securities laws were filed in this Court. The actions requested class action status on behalf of all purchasers of the securities of XM between July 28, 2005 and February 15, 2006, inclusive (the "Class Period"), seeking to pursue remedies under the Exchange Act. Defendants in the various complaints included XM and Hugh Panero, the Company's President and Chief Executive Officer.

As is more fully alleged in the complaints, these actions arise from damages incurred by the class as a result of a scheme and common course of conduct by defendants which operated as a fraud and deceit on the class during the Class Period. Plaintiffs allege that defendants' scheme included rendering false and misleading statements and/or omissions concerning the financial condition and business prospects of the Company, as well as the financial benefits that would enure to XM and its shareholders.

For example, it is alleged that during the Class Period, defendants misrepresented XM's ability to reduce the costs of its new subscribers as it reached its goal of 6 million subscribers by year end 2005. In reality, in the fourth quarter of 2005, XM had to spend immense sums of

money in order to achieve its stated goals due to competitive factors. Thus, XM's cost of subscriber acquisition actually rose to extraordinary levels, which led to enormous increases in XM's net losses.

Since the disclosure of these, and other, adverse facts would have caused a severe collapse in the price of the Company's securities, defendants set out on a scheme to artificially inflate XM's stock price so that they could maintain their lucrative positions and earn ill-gotten gains through insider trading practices, among other things. In fact, it is alleged that a number of XM insiders sold significant portions of their XM stock for millions of dollars during the Class Period, thereby taking advantage of the artificial inflation of XM's securities.

As a result of defendants' false statements, misrepresentations, and omissions, plaintiffs claim that the price of XM securities was artificially inflated during the Class Period until the Company began disclosing its true financial condition on or about February 16, 2006. These disclosures caused the stock price of XM to drop approximately 13% in one day from $25.25 to $21.96 on April 25, 2001, on abnormally heavy trading volume. Since that time, the price of XM stock has continued to decline. As of the filing of this Motion, XM common stock is trading in the range of $14.25.

Due to defendants' deceptive and illegal conduct, plaintiffs allege that class members purchased their XM securities at grossly inflated prices. They also allege that had they been aware of the truthful condition of the Company and the adverse impact that defendants' omissions were having on the Company, they would not have purchased their shares, or at least not at the artificially inflated prices at which they purchased those shares.

## III.    MOVANT SATISFIES THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that a court shall appoint as Lead Plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately

representing the interests of class members. §21D(a)(3)(B)(i). Further, the Exchange Act, as amended by the PSLRA, provides for a rebuttable presumption:

> that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I). *See In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 12 (D.D.C. 2002); *Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### A.    Movant Makes this Motion Within 60 Days of Publication of Notice

As set forth in his certification attached as *Exhibit B,* Movant has reviewed a complaint filed against XM, adopted its allegations and expressed his willingness to serve as representative of the class. Movant timely brings this motion within 60 days of publication of the required notice. *See Exhibit A.*

### B.    Movant Has the Largest Financial Interest in the Relief Sought

During the Class Period, Movant purchased tens of thousands of shares of XM stock at prices artificially inflated by defendants' false and misleading statements and has suffered losses of approximately $252,000. See *Exhibit B.* To the best of his knowledge, Movant has the largest financial interest in the relief sought by the Class. Therefore, Movant is presumptively the most adequate plaintiff pursuant to the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C.    The Proposed Lead Plaintiff Is Qualified Under Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of

the claims of the class and that the representative will fairly and adequately protect the interests of the class. In deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 at *6 (N.D. Ill. Aug. 11, 1997). As detailed below, the Movant satisfies the typicality and adequacy requirements of Rule 23(a).

1.      **The Claims of the Proposed Lead Plaintiff are Typical of the Claims of the Class**

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) their claims are based on the same legal issues. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). *See also, Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Epstein v. MCA, Inc.*, 50 F.3d 644, 668 (9th Cir. 1995), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981). The questions of law and fact common to the class members here which predominate over questions that may affect individual claims include:

(a)      whether the federal securities laws were violated by defendants' acts;

(b)     whether defendants' statements during the Class Period omitted and/or misrepresented material facts;

(c)     whether defendants pursued the fraudulent scheme and course of conduct complained of;

(d)     whether defendants acted intentionally or recklessly;

(e)     whether the market price of XM stock was artificially inflated due to the activities complained of; and

(f)     the extent of damages class members sustained and the appropriate measure of those damages.

Movant's claims are typical of the claims of the members of the proposed class. Movant, as do all members of the class, alleges that defendants violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about XM during the Class Period. Further, Movant, as did all members of the proposed class, acquired XM stock at prices inflated by defendants' misrepresentations and omissions and was damaged thereby. *See Exhibit B* attached hereto. The typicality requirement is satisfied here because the claims asserted by Movant are based on the same legal theory and arise "from the same event or course of conduct giving rise to the claims of other class members." *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.,* 122 F.R.D. 251, 256 (C.D. Cal. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976).

## 2.     The Proposed Lead Plaintiff will Fairly and Adequately Represent the Interests of the Class

The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who are qualified, experienced and able to vigorously conduct the proposed litigation. *See Modell v. Eliot Sav. Bank,* 139 F.R.D. 17, 23 (D. Mass. 1991) (*citing Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir. 1985)).

The interests of Movant are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between the interests of this individual and the proposed class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed class, his claims are typical of the members of the class, and he has taken significant steps to advance this litigation. In addition, Movant has amply demonstrated his adequacy to serve as class representative by signing a certification affirming his willingness to serve as, and assume the responsibilities of, class representative. *See In re Baan*, 271 F. Supp. 2d at 12 (lead plaintiff must show a "willingness and ability to vigorously prosecute the action"). Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent him. For these reasons, Movant should be appointed Lead Plaintiff in the consolidated action.

## IV.    THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* §21D(a)(3)(B)(v). Movant has selected the law firm of Yourman Alexander & Parekh LLP to serve as Lead Counsel, and the firm of Cuneo Gilbert & LaDuca LLP to serve as Liaison Counsel, for the class. These firms possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See Exhibits C* and *D* attached hereto. As such, Movant has reposed his confidence in these firms and his choice should be approved by this Court.

///

///

///

-8-

## V.    CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court: (i) appoint Movant as Lead Plaintiff in the consolidated action; and (ii) approve Movant's choice of Yourman Alexander & Parekh LLP as Lead Counsel, and the firm of Cuneo Gilbert & LaDuca LLP as Liaison Counsel, in the consolidated action.

DATED: June 30, 2006

<div style="margin-left:40%">

Jonathan W. Cuneo, Esq.
(DC Bar# 939389)
Jon Tostrud, Esq.
CUNEO GILBERT
& LADUCA, LLP

By: _____
     Jonathan W. Cuneo

507 C Street NE
Washington, D.C. 20002
Tel: (202) 789-3960
Fax: (202) 789-1813

*Proposed Liaison Counsel for the Class*

Vahn Alexander, Esq.
Janine Sperandeo, Esq.
YOURMAN ALEXANDER
& PAREKH LLP
3601 Aviation Blvd., Suite 3000
Manhattan Beach, CA 90266
Tel: (310) 725-6400
Fax: (310) 725-6420

*Proposed Lead Counsel for the Class*

</div>

*EXHIBIT A*

Cohen, Milstein, Hausfeld & Toll, P.L.L.C. Announces Class Action Lawsuit on Behalf of Investors of XM Satellite ...

Yahoo!  My Yahoo!  Mail

# YAHOO! FINANCE Sign In
New User?Sign Up

Search the Web [        ]  [ Search ]

Finance Home - Help

Business Wire

**Home   Investing   News & Commentary   Retirement & Planning   Banking & Credit   Loans   Taxes**

Special Editions   Columnists   Personal Finance   Investing Ideas   Markets   Company Finances   Providers

Get Quotes [        ] [ GO ] Symbol Lookup | Finance Search

Scottrade $7 stock trades

**Related Quote**



XMSR 28-Jun 3:59pm (C)Yahoo!

XMSR   14.25   +0.54   News

**View Detailed Quote**
Delayed 20 mins
Providers - Disclaimer

Press Release

Source: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

# Cohen, Milstein, Hausfeld & Toll, P.L.L.C. Announces Class Action Lawsuit on Behalf of Investors of XM Satellite Radio Holdings, Inc.

Thursday May 4, 6:07 pm ET

WASHINGTON--(BUSINESS WIRE)--May 4, 2006--The law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has filed a lawsuit on behalf of purchasers of the common stock of XM Satellite Radio Holdings, Inc. (Nasdaq:XMSR - News; "XM" or the "Company"), between July 28, 2005, and February 15, 2006, inclusive (the "Class Period"), in the United States District Court for the District of Columbia.

**Related News Stories**

- **XM Satellite Prices Notes** - AP (Fri Apr 21)
- **New Issue-XM Satellite Radio sells $800 mln in 2-pt debt** - at Reuters (Fri Apr 21)
- **XM Satellite Radio prices new notes offering** - at Reuters (Fri Apr 21)
- **XM Satellite Radio Prices New Notes Offering** - PR Newswire (Fri Apr 21)

More...

- By industry: Broadcasting - Radio

ADVERTISEMENT

 The page cannot be displayed

The page you are looking for is currently unavailable. You might be experiencing technical difficulties, or you may need to adjust your browser settings.

Please try the following:

- Click the Refresh button, or try again later.
- If you typed the page address in the Address bar, make sure that it is spelled correctly.
- To check your connection settings, click the **To** then click **Internet Options**. On the **Connecti**

The Complaint charges XM Satellite Radio Holdings, Inc., and its President and Chief Executive Officer, Hugh Panero, with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by issuing a series of materially false and misleading statements to the market during the Class Period. As alleged in the Complaint, defendants made misrepresentations and/or omissions regarding XM's ability to reduce the costs of its new subscribers as it reached its goal of 6 million subscribers by year end 2005. In reality, and as known to or recklessly disregarded by defendants, XM would be forced to spend extraordinarily large sums of money in the fourth quarter of 2005, in order to stay on track to achieve its stated goal of 6 million subscribers at year end by reason of competitive factors known to defendants since before the beginning of the Class Period. Despite defendants' knowledge that XM would be making those huge expenditures in the fourth quarter of 2005, defendants failed to disclose to the market that XM's cost of subscriber acquisition would rise to extraordinary levels, leading to huge increases in XM's net losses, which was in complete reversal of the trends of declining subscriber acquisition costs and net losses defendants were reporting and touting throughout the Class Period.

During the class period, several key insiders of XM made huge sales of their personal holdings in the fourth quarter of 2005, taking advantage of the artificial inflation of XM's common stock. Specifically, defendant Panero sold 413,334 shares on December 6, 2005, at prices ranging between $28.37 and $28.95 to reap proceeds of $11,846,000, thus selling 99% of his holdings in

AUSTRALIA EXTREME
IF YOU DARE CLICK HERE
ONLY ON YAHOO!

**Top Stories**
- **Dow Closes Up 49, Nasdaq Finishes Up 10** - AP (5:19 pm)
- **Senate Clears Paulson for Treasury Post** - AP (5:49 pm)
- **J. Crew Shares Climb in Trading Debut** - AP (4:57 pm)
- **Red Hat 1Q Profit Rises but**

Cohen, Milstein, Hausfeld & Toll, P.L.L.C. Announces Class Action Lawsuit on Behalf of Investors of XM Satellite ...

XM.

On February 16, 2006, defendants issued a press release announcing XM's results for the fourth quarter 2005 and year 2005 results. They disclosed the shocking truth about the skyrocketing level of XM's subscriber acquisition costs. The market reacted negatively. With this disclosure, XM's common stock, on abnormally heavy trading volume, fell 13% to close at $21.96 on February 17, 2006.

If you purchased or acquired XM common stock during the Class Period, you may, no later than July 3, 2006, move the court to be appointed as Lead Plaintiff. There are certain legal requirements to serve as Lead Plaintiff.

Any member of the purported class may move the court to serve as Lead Plaintiff through counsel of their choice or may choose to remain an absent class member. Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as Lead Plaintiff. To be a member of the class, you need not take any action at this time.

The firm's reputation for excellence has been recognized on repeated occasions by courts which have appointed the firm to lead positions in complex multi-district or consolidated litigation. Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has taken a lead role in numerous important cases on behalf of defrauded investors, and has been responsible for a number of outstanding recoveries which, in the aggregate, total in the billions of dollars. You may visit the firm's website at www.cmht.com, to view a copy of the complaint.

If you have any questions about this notice or the action, or with regard to your rights, please contact either of the following:

```
Steven J. Toll, Esq.
Emilie Schulz
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
West Tower -- Suite 500
Washington, D.C. 20005
Telephone: 888-240-0775 or 202-408-4600
E-mail:  stoll@cmht.com or eschulz@cmht.com
```

*Contact:*

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll, Esq.
Emilie Schulz
888-240-0775 or 202-408-4600
stoll@cmht.com or eschulz@cmht.com

Source: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

✉ Email Story      📢 Set News Alert      🖨 Print Story

Search News

Sponsor Results

Options Trading Success
Easy to follow strategies complete with detailed trades for maximum monthly cashflow.
www.cashflowheaven.com

- Misses Views - AP (5:03 pm)
                          More...

· Most-emailed articles
· Most-viewed articles

**RSS Feeds**

Add headlines to your
personalized My Yahoo! Page
( About My Yahoo! and RSS )

XMSR Headlines

Broadcasting - Radio Headlines

More Finance RSS Feeds

*EXHIBIT B*

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Adam Barber, duly certify and state:

1.  I make this declaration pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995 as required by Section 21D(a)(2) of Title I of the Securities Exchange Act of 1934 (the "Act").

2.  I have reviewed a version of the complaint filed against XM Satellite Radio Holdings, Inc. (the "Complaint"), adopt its allegations and authorize the filing of a similar complaint, if required.

3.  I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in any private action arising under Title I of the Act.

4.  I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.  To the best of my current knowledge, the following are all of my transactions in XM Satellite Radio Holdings, Inc. securities during the following proposed time period, July 28, 2005 through February 15, 2006, inclusive (the "Class Period"):  SEE ATTACHMENT

| Date | Ticker Symbol | Type of Security (stock/bond) | Number of Shares | Purchase or Sale | Price Per Share |
|------|--------------|------------------------------|------------------|------------------|-----------------|
|      |              |                              |                  |                  |                 |
|      |              |                              |                  |                  |                 |
|      |              |                              |                  |                  |                 |
|      |              |                              |                  |                  |                 |
|      |              |                              |                  |                  |                 |
|      |              |                              |                  |                  |                 |

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

6. During the three year period preceding the date on which this certification is signed, I have not served or sought to serve as a class representative in any case brought under the Federal Securities Laws.

7. I will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

8. The matters stated in this declaration are true to the best of my current knowledge, information and belief.

9. I hereby certify, under penalty of perjury pursuant to the laws of the United States of America, that the foregoing is true and correct.

Dated: _6-21-06_

Adam Barber

**ATTACHMENT**

| | | | |
|---|---|---|---|
| 10/13/05 | Sell | 9000 | $30.80 |
| 10/13/05 | Buy | 9000 | $30.86 |
| 10/13/05 | Buy | 9000 | $30.95 |
| 10/13/05 | Sell | 9000 | $31.17 |
| 10/18/05 | Buy | 6500 | $31.03 |
| 10/18/05 | Sell | 6500 | $31.05 |
| 10/18/05 | Buy | 9500 | $31.10 |
| 10/18/05 | Sell | 9500 | $30.76 |
| 10/19/05 | Buy | 10000 | $29.67 |
| 10/19/05 | Sell | 10000 | $29.85 |
| 10/19/05 | Buy | 10000 | $29.45 |
| 10/19/05 | Sell | 10000 | $29.52 |
| 10/19/05 | Buy | 10000 | $29.67 |
| 10/19/05 | Sell | 10000 | $29.89 |
| 10/19/05 | Sell | 10000 | $29.83 |
| 10/19/05 | Buy | 10000 | $29.78 |
| 10/20/05 | Buy | 744 | $30.40 |
| 10/21/05 | Sell | 744 | $30.72 |
| 11/7/05 | Buy | 1600 | $29.97 |
| 11/14/05 | Buy | 10300 | $28.94 |
| 11/17/05 | Buy | 6500 | $30.13 |
| 2/7/06 | Sell | 1000 | $23.64 |
| 2/23/06 | Buy | 100 | $22.00 |
| 3/17/06 | Buy | 1000 | $20.40 |
| 5/3/06 | Sell | 1500 | $17.49 |
| 5/5/06 | Sell | 250 | $17.94 |
| 5/18/06 | Sell | 2000 | $16.40 |
| 5/24/06 | Sell | 14750 | $14.57 |

*EXHIBIT C*

# YOURMAN ALEXANDER & PAREKH LLP

3601 AVIATION BOULEVARD
SUITE 3000
MANHATTAN BEACH, CALIFORNIA 90266
TEL: (310) 725-6400
FAX: (310) 725-6420

## FIRM BIOGRAPHY

The law firm of Yourman Alexander & Parekh LLP is located in Manhattan Beach, California. In Courts throughout the United States, attorneys with the firm have litigated hundreds of stockholder class actions brought for violations of federal and state securities laws, as well as shareholder class and derivative actions brought for violations of corporate and fiduciary duties. Attorneys with the firm have also litigated several class actions in the area of consumer fraud and unfair business practices.

Several Courts have also commended attorneys with the firm for their expertise and ability in litigating complex class actions as follows:

In *In re United Telecommunications, Inc. Securities Litigation*, Case No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In *In re VeriFone Inc. Securities Litigation*, Case No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In *In re Western Digital Securities Litigation*, Case No. SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

## CASES IN WHICH ATTORNEYS WITH YOURMAN ALEXANDER & PAREKH LLP WERE LEAD OR CO-LEAD COUNSEL

*Jordan v. California Department of Motor Vehicles* (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds to 1.7 million motorists.

*In re Community Psychiatric Center Securities Litigation* (C.D. Cal.): A settlement of $42.5 million was obtained for the class.

*In re Apria Healthcare Group Securities Litigation* (Orange County Cal.): A settlement of $42 million for the class was approved in August 2002 by the California Superior Court.

*In re Platinum Software Securities Litigation* (C.D. Cal.): A settlement of $32 million was obtained for the class.

*In re United Telecommunications Securities Litigation* (D. Kan.): A settlement of $28 million was obtained for the class.

*In re Bergen Brunswig Corp. Sec. Litig.*, (C.D. Cal.): A settlement of $27.9 million was obtained for the class.

*In re Abbey Healthcare Securities Litigation* (C.D. Cal.): A settlement of $20.5 million was obtained for the class.

*In re Aura Systems, Inc. Securities Litigation* (C.D. Cal.): A settlement of $18 million was obtained for the class.

*In re MK Rail Securities Litigation* (D. Idaho): A settlement of $14.65 million was obtained for the class.

*In re California Microwave Securities Litigation* (N.D. Cal.): A settlement of $14 million was obtained for the class.

*In re Megafoods Securities Litigation* (D. Ariz.): A settlement of $12 million was obtained for the class.

*In re Mesa Airlines Securities Litigation* (D.N.M.): A settlement of $8 million was obtained for the class.

*In re Resound Securities Litigation* (N.D. Cal.): A settlement of $8 million was obtained for the class.

*In re Castle Energy Corp. Securities Litigation* (C.D. Cal.): A settlement of $7.5 million was obtained for the class.

*In re Western Digital, Inc. Securities Litigation* (C.D. Cal.): A settlement of $6.75 million was obtained for the class.

*In re Circle K Securities Litigation* (D. Ariz.): A settlement of $6 million was obtained for the class.

*In re Ascend Communications Securities Litigation* (C.D. Cal.): A settlement of $5.45 million was obtained for the class.

*In re WCT Securities Litigation* (C.D. Cal.): A settlement of $5 million was obtained for the class.

*In re Sumitomo Bank of California Securities Litigation* (San Francisco Sup. Ct.): A settlement of $4.95 million was obtained for the class.

*In re NextLevel Systems, Inc. Securities Litigation* (N.D. Ill.): A settlement of $4.6 million was obtained for the class.

*In re Shopping.com Securities Litigation* (C.D. Cal.): A settlement of $4.5 million was obtained for the class.

*In re Denver Bonds Securities Litigation* (D. Colo.): A settlement of $4.5 million was obtained for the class.

*In re Iwerks Securities Litigation* (C.D. Cal.): A settlement of $3.5 million was obtained for the class.

*In re Davstar, Inc. Securities Litigation* (C.D. Cal.): A settlement of $3.4 million was obtained for the class.

*In re Trident Securities Litigation* (N.D. Cal.): A settlement of $3.15 million was obtained for the class.

## CLASS AND DERIVATIVE ACTIONS HANDLED BY ATTORNEYS WITH YOURMAN ALEXANDER & PAREKH LLP WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS

*In re Xoma Shareholder Litigation* (N.D. Cal.).

*In re Castle Energy Corp. Shareholder Litigation* (C.D. Cal.).

*In re Times-Mirror, Inc. Shareholder Litigation* (C.D. Cal.).

*In re Lockheed Corp. Shareholder Litigation* (C.D. Cal.).

*In re Nexgen Securities Litigation* (N.D. Cal.).

*In re Pairgain Securities Litigation* (S.D. Cal.).

*In re AMI Securities Litigation* (L.A. Superior).

## BRIEF BIOGRAPHIES OF YOURMAN ALEXANDER & PAREKH LLP'S ATTORNEYS

**KEVIN J. YOURMAN** is a partner with the firm. He received his B.A. degree, *cum laude*, from Adelphi University in 1979 and graduated from Rutgers University School of Law-Camden in 1982. Mr. Yourman is a member of the State Bars of New York and California and is admitted to practice in the Southern and Eastern Districts of New York, the Southern, Central, Eastern and Northern Districts of California, and the Ninth and Second Circuit Courts of Appeals.

Mr. Yourman has been practicing in the area of shareholder litigation and securities class actions since 1985 and has been named lead counsel or had significant involvement in hundreds of class and derivative actions throughout the United States. Mr. Yourman also practices in the area of consumer fraud and protection, and unfair business practices on behalf of consumers.

-4-

**VAHN ALEXANDER** is a partner with the firm. He graduated from the University of California, at Los Angeles (B.A. 1990), with honors, and from Loyola Law School (J.D. 1993), where he was a member of the Scott Moot Court Honor's Board (1993 - Jessup Team). Mr. Alexander has been practicing in the area of shareholder litigation and securities class actions since 1994. He also practices in the area of consumer fraud and protection, and unfair business practices on behalf of consumers. Mr. Alexander is admitted to the Bar of the State of California and the United States District Courts for the Central, Northern, Southern and Eastern Districts of California, as well as the Ninth Circuit Court of Appeals.

**BEHRAM V. PAREKH** is a partner with the firm. He graduated from the University of California, Irvine (B.A. 1992), and received his law degree and a Certificate in Alternative Dispute Resolution from the Pepperdine University School of Law (J.D., *cum laude*, 1995). Mr. Parekh is admitted to the Bar of the State of California, to the United States Court of Appeals for the Ninth Circuit, and the United States District Courts for the Northern, Central, Eastern and Southern Districts of California, the Western District of Michigan, the District of Colorado, and the Northern District of Oklahoma.

**JANINE A. SPERANDEO** is an associate with the firm. She graduated from the University of California, at San Diego in 1998 (B.S. Biology), and received her law degree from Loyola Law School, Los Angeles (J.D. 2003). She is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**JOANN M. WAKANA** is an associate with the firm. She graduated from the University of California, Los Angeles (B.A. 2000), and received her law degree from Loyola Law School, Los Angeles (J.D. 2004). She is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**RONALD R. CARLSON** is an associate with the firm. He graduated from the Western State University (B.S.L. 1994), and received his law degree from the Pacific West College of Law (J.D. 1996). He is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

*EXHIBIT D*

CUNEO
GILBERT &
LaDUCA,
LLP

# Jonathan W. Cuneo
## Cuneo Gilbert & LaDuca, LLP
507 C Street, NE
Washington, D.C. 20002
Telephone: (202) 789-3960

**EXPERIENCE**

**FOUNDING PARTNER**

**CUNEO GILBERT & LaDUCA, LLP** (and predecessor firms)
June 1986 - Present
Founding and Senior Partner in specialized law firm with offices on Capitol Hill in Washington, DC, Houston, Maryland, New York, and Los Angeles. Firm specializes in advocacy before the U.S. Congress and in federal and state courts across the country. Substantive specialties include securities, corporate governance, antitrust, and consumer matters.

**MAJOR RECENT ACCOMPLISHMENTS AND QUALIFICATIONS**

* Firm listed in the Bar Register of Pre-Eminent Attorneys.

* Received Martindale-Hubbell's highest ("AV") rating.

* Listed in Who's Who in American Law.

* Finalist, 2006, Trial Lawyer of the Year; Trial Lawyers for Public Justice.

* Co-lead counsel in <u>Rosner</u> v. <u>United States</u> (S.D. FL 2005) (the "Gold Train" case). This case, brought on behalf of Hungarian survivors and heirs of the Holocaust, sought redress over the United States alleged mishandling of the Hungarian Gold Train in occupied Austria immediately after World War II. This case was settled in 2005 for $25.5 million and an unprecedented statement of acknowledgment of the United States Government.

* Lead counsel in <u>Galanti</u> v. <u>Goodyear Tire and Rubber Company</u> (D.NJ 2004). This $322 million settlement brought relief to thousands of homeowners who had allegedly defective Entran II radiant heating hose installed in their homes across the United States and Canada.

□**Main Office**
507 C Street, NE
Washington, DC 20002
Tel (202) 789-3960
Fax (202) 789-1813

□**New York**
Rockefeller Center, 620 Fifth Avenue
New York, NY 10020
Tel (212) 698-4504
Fax (212) 698-4505

□**Los Angeles**
9254 Thrush Way
West Hollywood, CA 90069-1131
Tel (310) 276-9179
Fax (310) 276-9187

□**Maryland**
13507 Rippling Brook Drive
Silver Spring, MD 20906
Tel (301) 460-1812
Fax (301) 460-1813

**CUNEO**
**GILBERT &**
**LADUCA,**
**LLP**

Resume
Jonathan W. Cuneo
Page 2

     \* General Counsel and Legislative Representative for the National Association of Shareholder and Consumer Attorneys (1988-2005).

     - Represented the interests of attorneys for investors and consumers in Washington.

**COUNSEL**

**SUBCOMMITTEE ON MONOPOLIES AND COMMERCIAL LAW, HOUSE COMMITTEE ON THE JUDICIARY (Honorable Peter W. Rodino, Jr., Chairman)**
Washington, D.C.
September 1981 - June 1986

**ATTORNEY**

**FEDERAL TRADE COMMISSION**
Washington, D.C.
September 1978 - September 1981

**LAW CLERK**

**JUDGE EDWARD ALLEN TAMM**
United States Court of Appeals for the
District of Columbia Circuit Court (1977-1978).

## PUBLICATIONS

"Judge Tamm and the Evolution of Administrative Law: The Art of Judging," 74 <u>Georgetown L.J.</u> 1595 (1986).

"Pulling the Plug on Antitrust Law," <u>The Nation</u> (September 26,1987) (with Jerry Cohen).

"House Takes Up Cause of Discounters," <u>Legal Times</u>, Vol X, No. 30, December 1987.

"Supreme Court's `Sharp' Ruling Means Higher Prices, Fewer Choices for Consumers," <u>Manhattan Lawyer</u>, May 31 - June 6, 1988.

Chapter Author, "Consumer Protection -- Federal Trade Commission" as part of "<u>Changing America: Blueprints for the New Administration</u>," edited by Mark Green (1992).

"Antitrust and Clinton: Changes on the Horizon" <u>The California Lawyer</u>, February 1993.

**CUNEO
GILBERT &
LaDUCA,
LLP**

Resume
Jonathan W. Cuneo
Page 3

"Action on Class Actions," <u>The Recorder</u>, April 30, 1997.

"The Gold Train Case: Successfully Suing the United States on Behalf of a Class of Holocaust Era Victims," 27 <u>Class Action Reports</u> 139 (with Professor Charles Tiefer) (2006).

## Other Activities

<u>Invited Participant, Federal Trade Commission Joint Venture, Roundtable</u>, March 28, 1998.

<u>Guest Lecturer on Securities and Corporate Governance Issues</u>: Southwestern Law School, Los Angeles, California, 1997 and 1998.

Numerous appearances in Continuing Legal Education programs including antitrust, privacy and investor protection issues in the United States and Canada.

## BAR MEMBERSHIPS

U.S. Supreme Court
District of Columbia bar (since 1977)
New York Bar (since 2006)
U.S. Court of Appeals for the District of Columbia
U.S. Court of Appeals for the Second Circuit
U.S. Court of Appeals for the Third Circuit
U.S. Court of Appeals for the Fourth Circuit
U.S. District Court for the District of Columbia
U.S. District Court for the Northern District of New York

## NON-PROFIT AND CHARITABLE BOARD MEMBERSHIPS AND ACTIVITIES

American Antitrust Institute
Appleseed Legal Foundation (1999-2005)
Board of Editors, Class Action Reports
Fighters Initiative for Support and Training ("F.I.S.T.")
Violence Policy Center

## EDUCATION

CUNEO
GILBERT &
LADUCA,
LLP

Resume
Jonathan W. Cuneo
Page 4

Cornell Law School
Ithaca, New York
J.D. May 1977

Columbia University
New York, New York
A.B. 1979

**MEMBERSHIPS**

Adas Israel Temple
American Bar Association
Association of Trial Lawyers of America
Barristers
Cornell Club of New York
Potomac Boat Cub
St. Albans Tennis Club
Washington Athletic Club (Seattle)

**ACTIVITIES AND HOBBIES**

Recreational Boxing
Reading Non-Fiction
Travel

### What Courts and Policymakers Have Said About Jonathan Cuneo

"But this case, bringing it against all odds, and the resolution of it and the character and the resolution, just is a testament that speaks so well of lawyers as truly what Tocqueville saw lawyers contributing to our democracy. So I want the history to preserve that contribution."

"I looked at the results obtained here. And as I have already articulated, given what I knew about the law, that the results were phenomenal. And I would like to compliment the plaintiffs' team approach, particularly Mr. Cuneo. Mr. Cuneo, I do see a leader in you, one who does not leave his fingerprints, who is a leader in the sense that you pull together a team where each member contributes their unique talents. And the marriage of the three firms and the contributions that each of the members of the firm, you played on their strength.

CUNEO
GILBERT &
LaDUCA,
LLP

Resume
Jonathan W. Cuneo
Page 5

But I saw someone that reminded me a lot of my former partner John Edward Smith, or the Lao Tzu's description of the ideal leader, where others believed they did it themselves because you encouraged, motivated, and let people do and rise to their very best."

Judge Patricia Seitz, United States v. Rosner, (S.D. FL) (Sept. 27, 2005)

\*    \*    \*

"As the Court indicated earlier, the Court has been remarkably impressed with the quality of all the legal counsel in this case and on that question, they are highly competent to conduct this litigation and there is not the slightest indication that the class representatives have any interests which are antagonistic to the class."

"Counsel from the Cuneo group and the original settling counsel have likewise been remarkably professional, and counsel from the two other groups have, indeed, impressed the Court with their professionalism and their talent."

" Thank you very much, Mr. Cuneo.  And everybody, thank you very much.  It's been a pleasure meeting you, pleasure dealing with you, and I hope we meet again."

Judge Stanley R. Chesler, Galanti v. Goodyear Tire and Rubber Company, (D.NJ) October 19, 2004.

\*    \*    \*

"I don't use the word `hero' lightly but [the other lawyers and] Jon Cuneo are real American heros. . . . [T]hey sought to protect the public interest."

Congressman Henry A. Waxman, Jan., 1998 (Statement on release of RJR "youth targeting" tobacco documents).

# CUNEO GILBERT & LADUCA, LLP

## FIRM PROFILE

Civil Litigation in Federal and State Courts. General Commercial Practice. Antitrust, Civil Rights, Government Relations, Products Liability, Administrative, Securities, Health Care and Franchise.

## ATTORNEYS

**Jonathan W. Cuneo,** born New York, New York, September 10, 1952. Admitted to the District of Columbia Bar, 1977; New York Bar, 2006. Admitted to practice before the United States Supreme Court, 1994; U.S. District Court, District of Columbia, 1978; United States Court of Appeals for the Second Circuit, 2002; United States Court of Appeals for the Third Circuit, 2004; United States Court of Appeals for the Fourth Circuit, 2005; U.S. Court of Appeals, District of Columbia Circuit, 1978; U.S. District Court for the Northern District of New York, 2002. Education: Columbia College (A.B., 1974); Cornell University (J.D., 1977). Law clerk to Honorable Edward Tamm, U.S. Court of Appeals, District of Columbia Circuit Court (1977-1978). Attorney, Office of the General Counsel, Federal Trade Commission (1978-1981); Counsel, Subcommittee on Monopolies and Commercial Law, House Committee on the Judiciary (1981-1986); General Counsel, Committee to Support the Antitrust Laws (1986-present); General Counsel, National Association of Securities and Commercial Law Attorneys (1988-1996); Legislative Counsel, National Coalition of Petroleum Retailers and Service Station Dealers of America (1988-1994); Arlington County Democratic Committee (1983-1987). Honors and Activities: Finalist, 2006 Trial Lawyer of the Year, Trial Lawyers for Public Justice; Board of Editors, Class Action Reports. Publications: "Judge Tamm and the Evolution of Administrative Law: The Art of Judging," 74 Georgetown L.J. 1595 (1986); "Pulling the Plug on Antitrust Law," The Nation (September 26, 1987) (with Jerry Cohen); "House Takes Up Cause of Discounters," Legal Times, Vol X, No. 30, December 1987; "Supreme Court's 'Sharp' Ruling Means Higher Prices, Fewer Choices for Consumers," Manhattan Lawyer, May 31 - June 6, 1988; Chapter, "Consumer Protection -- Federal Trade Commission" as part of "Changing America: Blueprints for the New Administration," edited by Mark Green (1992); "Antitrust and Clinton: Changes on the Horizon" The California Lawyer, February 1993; "Action on Class Actions," The Recorder, April 30, 1997; "The Gold Train Case: Successfully Suing the United States on Behalf of a Class of Holocaust Era Victims," 27 Class Action Reports 139 (with Professor Charles Tiefer) (2006). Faculty Member: "Copyright for the Nineties: What Every Lawyer Needs to Know", a series by West Publishing Company (1990); Guest Lecturer: Southwestern Law School, 1997 and 1998; numerous appearances in CLE programs in the United States and Canada.

☐**Main Office**
507 C Street, NE
Washington, DC 20002
Tel (202) 789-3960
Fax (202) 789-1813

☐**New York**
Rockefeller Center, 620 Fifth Avenue
New York, NY 10020
Tel (212) 698-4504
Fax (212) 698-4505

☐**Los Angeles**
9254 Thrush Way
West Hollywood, CA 90069-1131
Tel (310) 276-9179
Fax (310) 276-9187

☐**Maryland**
13507 Rippling Brook Drive
Silver Spring, MD 20906
Tel (301) 460-1812
Fax (301) 460-1813

# CUNEO
# GILBERT &
# LADUCA,
# LLP

**Pamela B. Gilbert,** born New Brunswick, New Jersey, October 3, 1958. Admitted to the New York Bar, 1985; District of Columbia Bar 1986. Admitted to practice in New York and D.C. <u>Education</u>: Tufts University (B.A., 1980); New York University (J.D., 1984). Consumer Program Director, U.S. Public Interest Research Group (1984-1989); Legislative Director, Executive Director, Public Citizen's Congress Watch (1990-1992; 1992-1995); Executive Director, Consumer Product and Safety Commission (1996-2001); Chief Operating Officer, M&R Strategic Services (2001-2002). <u>Member</u>: New York Bar Association; District of Columbia Bar Association; and American Bar Association.

**Charles J. LaDuca,** born Buffalo, New York, September 30, 1974. Admitted to the New York State Bar, 2001; District of Columbia bar, 2002; Third Circuit Court of Appeals, 2004; United States District Court for the Northern District of New York Bar, 2002. <u>Education</u>: George Washington University (B.A., 1996); Catholic University of America (J.D., 2000). <u>Member</u>: District of Columbia Bar Association (Corporation, Finance and Securities Law Section); New York State Bar Association; New York State Society.

**David W. Stanley,** born St. Louis, Missouri, May 30, 1944. Admitted to the District of Columbia Bar, 1973; Virginia State Bar, 1972. Admitted to practice before the U.S. District Court, District of Columbia, 1974; U.S. Court of Appeals, District of Columbia Circuit, 1978; U.S. Supreme Court, 1980. <u>Education</u>: University of Virginia (B.A., 1966); University of Virginia School of Law (J.D., 1972). Law clerk to Honorable Gerard D. Reilly, Chief Judge, District of Columbia Court of Appeals (1972-1973). Assistant U.S. Attorney, U.S. Attorney's Office for the District of Columbia, 1973-1984 (Fraud Division, 1981-1984); Assistant Chief Trial Attorney, Division of Enforcement, U.S. Securities and Exchange Commission (1984-1987); Of Counsel, Swidler & Berlin, Chartered (1987-1992). <u>Member</u>: District of Columbia Bar (Corporation, Finance and Securities Law Section; Litigation Section); District of Columbia Bar Association; Assistant U.S. Attorneys Association (President, 1994-1995); Association of Securities and Exchange Commission Alumni; The Barristers.

**Daniel Cohen,** born Detroit, Michigan, January 24, 1958, Admitted to the Florida Bar, 1989; District of Columbia Bar, 2001. <u>Education</u>: Ithaca College (B.A. 1981); Western New England School of Law (J.D., 1988). Defense Criminal Trial Attorney, Public Defenders Office, Jacksonville Florida, 1989- 1999. <u>Member</u>: District of Columbia Bar Association (Antitrust and Consumer Law Section, Arts, Entertained, and Sports Law Section); Florida State Bar Association.

# CUNEO
# GILBERT &
# LADUCA,
# LLP

**Steven N. Berk**, born Chicago, Illinois, July 2, 1959. Admitted to the Illinois State Bar, 1985; District of Columbia Bar, 1990; United States District Court for the Northern District of Illinois, 1986; United States District Court for the District of Columbia, 1991; Seventh Circuit Court of Appeals, 1987; Tenth Circuit Court of Appeals, 1994; Fifth Circuit Court of Appeals, 1996; United States Supreme Court, 1995. <u>Education</u>: Washington University (A.B. 1981); London School of Economics (MSc. 1982); Boston College School of Law (J.D. 1985). Associate, Isham, Lincoln & Beale (1985-1987), Jenner & Block (1987-1989, 1994 - 1996); Trial Attorney, Office of the General Counsel, United States Securities and Exchange Commission (1989-1990); Assistant United States Attorney for the District of Columbia (1990-1994); Partner, Jenner & Block (1996-2000). **Member**: District of Columbia Bar Association (Antitrust and Consumer Law Section, Corporate Finance and Securities Law Section).

**William H. Anderson**, born Trenton, New Jersey, March 28, 1979. Admitted to the Pennsylvania Bar, 2004. <u>Education</u>: The George Washington University (B.A., <u>cum laude</u> 2000); American University (J.D., 2004). Law clerk to the Honorable Rhonda Reid Winston, Superior Court, District of Columbia (2004-2005). <u>Member</u>: Metropolitan Washington Employment Lawyers Association; Charlotte E. Ray, American Inns of Court.

**Alexandra Coler**, born Bucharest, Romania, October 9, 1977. Admitted to the New York State Bar, 2003; Massachusetts State Bar, 2003; Pennsylvania State Bar, 2004; United States District Court for the Eastern District of Pennsylvania 2005. <u>Education</u>: Brandeis University (B.A. <u>cum laude</u> 1999); Fordham University Law School (J.D. 2002). Law clerk to the Honorable John E. Jones III, United States District Court for the Middle District of Pennsylvania (2002-2004); Associate, MacElree Harvey, Ltd. (2004-2006). <u>Member</u>: Pennsylvania Bar Association.

## COUNSEL TO THE FIRM

**Michael G. Lenett**, born New York, New York, February 24, 1962. Admitted to the District of Columbia bar, 1990; Maryland State bar, 1989; Virginia State bar, 1988 (resigned 1994). Admitted to practice before the U.S. District Court, District of Columbia, 1999; U.S. Supreme Court, 1992; U.S. Court of Appeals for the Tenth Circuit, 1991; U.S. Court of Appeals for the Ninth Circuit, 1990. <u>Education</u>: Brandeis University (B.A., with Honors, <u>magna cum laude</u> 1984); Georgetown University (M.A., 1988); Georgetown University (J.D., 1988); Georgetown University (LL.M., with Distinction 1992); Senior Articles and Notes Editor, <u>American Criminal Law Review</u>. Associate, McGuire, Woods, Battle and Boothe (1988-1990); Staff Attorney (1990-1991), Senior Counsel (1991-1993) and Special Counsel (1993), Office of the General Counsel, U.S. Securities and Exchange Commission; Adjunct Professor, The National Law Center, George Washington University (1992-1993); Counsel,

# CUNEO
# GILBERT &
# LaDUCA,
# LLP

Subcommittee on Antitrust, Monopolies, and Business Rights, Committee on the Judiciary, United States Senate (1993-1995); Democratic Counsel, Committee on the Judiciary, United States Senate (1995-1996).  Member: District of Columbia Bar Association (Corporation, Finance and Securities Law Section; Litigation Section); Maryland State Bar Association; Bar Association of Montgomery County; American Bar Association (Government and Public Sector Lawyers Division; Young Lawyers Division; Business Law Section; Litigation Section).  Publications:  "Taking A Bite Out of Violent Crime," University of Dayton Law Review (March, 1995); "The SEC Enters the ADR Zone," Business Law Today (ABA, Jan./Feb. 1993) (coauthored); "Recent SEC & SRO Enforcement Initiatives Regarding Broker-Dealer Supervision & Compliance," Second Annual Supervisory & Compliance Seminar (Prentice Hall Law & Business, 1990) (coauthored); "Enforcement Issues Arising From the Operations of Penny Stock Broker-Dealers," Insider Trading, Fraud & Fiduciary Duty Under the Federal Securities Laws (ALI-ABA, 1990) (coauthored); "Compliance Officers' Supervisory Responsibilities: The Chambers Case," 4 Insights 1 (July, 1990) (coauthored); "Defending SEC Insider Trading Investigations," Insider Trading, Fraud & Fiduciary Duty Under the Federal Securities Laws (ALI-ABA, 1989) (coauthored); "Fifth Amendment Limitations on Compelled Production of Evidence," 25 American Criminal Law Review 509 (Winter, 1988); "Airport Searches and Seizures: The Pulido Court's Response to Terrorism," 25 American Criminal Law Review 549 (Winter, 1988).

Jon Anders Tostrud, born St. Paul, Minnesota, February 6, 1969.  Admitted to the Minnesota bar, 1994; California Bar, 1999.  Education: St. Olaf College (B.A., 1991); William Mitchell College of Law (J.D., 1994).  Specialities: Civil Rights Class Action; Wage and Hour, Employee Misclassification and Consumer Class Actions.