# Exhibit A



1 | Jonathan E. Behar (174916)
  | Jason R. Llorens (229912)
2 | **LERACH COUGHLIN STOIA**
  | **& ROBBINS, LLP**
3 | 355 South Grand Avenue, Suite 4170
  | Los Angeles, California 90017
4 | Telephone: (213) 617-9007
  | Facsimile:  (213) 617-9185

ORIGINAL

SCANNED

NOTE CHANGES MADE BY THE COURT

Send

FILED
CLERK, U.S. DISTRICT COURT

JUL 20 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

6 | Stuart L. Berman
7 | Darren J. Check
  | Sean M. Handler
8 | **SCHIFFRIN & BARROWAY, LLP**
  | Three Bala Plaza East, Suite 400
9 | Bala Cynwyd, Pennsylvania 19004
  | Telephone: (610) 667-7706
  | Facsimile:  (610) 667-7056

10

11 | [Proposed] Lead Counsel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Western Division)

15 | IN RE ACTIVISION, INC.        ) Case No. CV-04-01501-PA *(Ex)*
16 | SECURITIES LITIGATION         )
   |                              ) **STIPULATION AND**
17 |                              ) **[~~PROPOSED~~] ORDER**
   |                              ) **APPOINTING LEAD**
18 |                              ) **PLAINTIFFS AND LEAD**
   |                              ) **COUNSEL**
19

20 |     WHEREAS, on March 5, 2004, the first captioned class action
21 | complaint (the "Construction Industry and Carpenters Joint Pension Trust
22 | for Southern Nevada Action") alleging violations of federal securities laws
23 | was filed with this Court in connection with purchases of Activision, Inc.
24 | securities;
25 |     WHEREAS, five related complaints were filed shortly thereafter;
26 |     WHEREAS, pursuant to Section 21D(a)(3)(A) of the Securities
27 | Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(A), the
28 | plaintiff in the Construction Industry and Carpenters Joint Pension Trust for

2:04 JUL -8 PH 2: 44
LOS ANGELES
LODGED

DOCKETED ON CM

JUL 21 2004

BY _____ 072

43

1   Southern Nevada Action caused notice to be published on the *Businesswire*

2   on or about March 5, 2004 (the "Notice"), which informed class members of

3   their right to seek appointment as lead plaintiff;

4          WHEREAS, on May 4, 2004, plaintiffs the SEIU Pension Plans

5   Master Trust and Construction Industry and Carpenters Joint Pension Trust

6   for Southern Nevada (collectively, the "Pension Trusts"), pursuant to

7   Section 21D of the Private Securities Litigation Reform Act of 1995

8   ("PSLRA"), filed a timely motion for their appointment as Lead Plaintiffs

9   and for approval of their selection of Lerach Coughlin Stoia & Robbins,

10  LLP as Lead Counsel in the proposed consolidated cases;

11         WHEREAS, on May 4, 2004, plaintiff Logan Capital Management,

12  Inc. ("Logan Capital"), pursuant to Section 21D of the Private Securities

13  Litigation Reform Act of 1995 ("PSLRA"), filed a timely motion for its

14  appointment as Lead Plaintiff and for approval of its selection of Schiffrin

15  & Barroway, LLP as Lead Counsel in the proposed consolidated cases;

16         WHEREAS, on May 4, 2004, plaintiff Pipefitters National Pension

17  Fund, pursuant to Section 21D of the Private Securities Litigation Reform

18  Act of 1995 ("PSLRA"), filed a timely motion for its appointment as Lead

19  Plaintiff and for approval of its selection of Barrack, Rodos & Bacine as

20  Lead Counsel in the proposed consolidated cases;

21         WHEREAS, on May 4, 2004, plaintiff Alaska Electrical Pension

22  Fund, pursuant to Section 21D of the Private Securities Litigation Reform

23  Act of 1995 ("PSLRA"), filed a timely motion for its appointment as Lead

24  Plaintiff and for approval of its selection of Hagens Berman, LLP as Lead

25  Counsel in the proposed consolidated cases;

26         WHEREAS, plaintiffs  Pipefitters National Pension Fund and Alaska

27  Electrical Pension Fund have withdrawn their motions for appointment as

28                                        1

1    lead plaintiff and appointment of their respective selections for lead

2    counsel;

3        WHEREAS, pursuant to the PSLRA, the Court is to presume that the

4    "most adequate plaintiff" is the person or group of persons who, "in the

5    determination of the court has the largest financial interest in the relief

6    sought by the class;"

7        WHEREAS, pursuant to the PSLRA, the Lead Plaintiff is vested with

8    authority to select and retain Lead Counsel, subject to court approval;

9        WHEREAS, the Pension Trusts and Logan Capital understand the

10   importance of supervising and monitoring the case and have substantially

11   similar interests, have determined that it would be more efficient and more

12   beneficial to the class to propose a consensual resolution than to proceed

13   with competing lead plaintiff motions and, as a result, have reached an

14   agreement that resolves the pending motions;

15       WHEREAS, the Pension Trusts and Logan Capital have voluntarily

16   agreed to withdraw their respective lead plaintiff motions in favor of this

17   joint stipulation to appoint themselves as Lead Plaintiffs;

18       WHEREAS the proposed lead plaintiffs have collectively agreed to

19   the selection of Lerach Coughlin Stoia & Robbins, LLP and Schiffrin &

20   Barroway, LLP as Lead Counsel; and

21       WHEREAS, the Proposed Lead Plaintiffs have the largest financial

22   interest in the relief sought by the class and otherwise satisfy the

23   requirements of Section 21D(a)(3)(B)(iii)(I) of the Exchange Act, 15 U.S.C.

24   §78u-4(a)(3)(B)(iii)(I);

25       IT IS HEREBY STIPULATED AND AGREED, by the parties,

26   through their undersigned counsel, as follows:

27   1.    The SEIU Pension Plans Master Trust, the Construction Industry and

28                                      2

Carpenters Joint Pension Trust for Southern Nevada, and Logan Capital Management, Inc. shall be appointed Lead Plaintiffs pursuant to §21D(a)(3)(B) of the Securities Exchange Act, 15 U.S.C. §78u-4(a)(3)(B);

2.  The Proposed Lead Plaintiffs choice of Lerach Coughlin Stoia & Robbins, LLP and Schiffrin & Barroway, LLP shall be approved as Lead Counsel pursuant to §21D(a)(3)(B)(v) of the Securities Exchange Act, 15 U.S.C. §78u-4(a)(3)(B)(v);

3.  The hearing scheduled for July 12th at 1:30p.m. before the Honorable Percy Anderson is no longer required and should be taken off-calendar.

4.  An Amended Consolidated Complaint shall be filed no later than sixty (60) days after the effective date of this Order.

Dated: July 8, 2004

Respectfully submitted,

**LERACH COUGHLIN STOIA & ROBBINS, LLP**

By: _Jonathan E. Behar_

Jonathan E. Behar (174916)
Jason R. Llorens (229912)
355 South Grand Avenue, Suite 4170
Los Angeles, California 90017
Telephone: (213) 617-9007
Facsimile: (213) 617-9185

**SCHIFFRIN & BARROWAY, LLP**

By: _Darren J. Check_

Stuart L. Berman
Darren J. Check
Sean M. Handler
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

[Proposed] Lead Counsel

3

1  **IT IS SO ORDERED**.

2      The SEIU Pension Plans Master Trust, the Construction Industry and

3  Carpenters Joint Pension Trust for Southern Nevada, and Logan Capital

4  Management, Inc. are hereby appointed Lead Plaintiffs, ~~and Lead Plaintiffs'~~

5  ~~selection of Lerach Coughlin Stoia & Robbins, LLP and Schiffrin &~~

6  ~~Barroway, LLP are hereby approved as Lead Counsel.~~

7

8  July 20, 2004                    _____
                                    THE HONORABLE PERCY ANDERSON
9                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a resident of the County of Los Angeles, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 355 South Grand Avenue, Suite 4170, Los Angeles, California 90071.

2.      That on July 8, 2004, declarant served the STIPULATION AND [PROPOSED] ORDER APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at Los Angeles, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of July, 2004, at Los Angeles, California.

FAITH UMAGUING

5

ACTIVISION CA

Service List - 7/8/2004    (04-0098)

Page 1 of 3

SCANNED

## Counsel For Defendant(s)

Harriet S. Posner
Robert F. LeMoine
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
   213/687-5000
   213/687-5600 (Fax)

## Counsel For Plaintiff(s)

Jeffrey A. Barrack
Barrack, Rodos & Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
   215/963-0600
   215/963-0838 (Fax)

Mel E. Lifshitz
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY 10016
   212/779-1414
   212/779-3218 (Fax)

John T. DeCarlo
Daniel M. Shanley
DeCarlo, Connor & Selvo
533 South Fremont Avenue, 9th Floor
Los Angeles, CA 90071-1706
   213/488-4100
   213/488-4180 (Fax)

Steve W. Berman
Hagens Berman LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
   206/623-7292
   206/623-0594 (Fax)

Kevin P. Roddy
Hagens Berman LLP
700 S. Flower Street, Suite 2940
Los Angeles, CA 90017-4101
   213/330-7150
   213/330-7152 (Fax)

Brian Barry
Law Offices of Brian Barry
1801 Avenue of the Stars, Suite 307
Los Angeles, CA 90067
   310/788-0831
   310/788-0841 (Fax)

ACTIVISION CA

Service List - 7/8/2004    (04-0098)

Page 2 of 3

SCANNED

Samuel H. Rudman
David A. Rosenfeld
Lerach Coughlin Stoia & Robbins LLP
200 Broadhollow Road, Suite 406
Melville, NY 11747
   631/367-7100
   631/367-1173 (Fax)

William S. Lerach
Lerach Coughlin Stoia & Robbins LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
   619/231-1058
   619/231-7423 (Fax)

Jonathan E. Behar
Jason R. Llorens
Lerach Coughlin Stoia & Robbins LLP
355 South Grand Avenue, Suite 4170
Los Angeles, CA 90071
   213/617-9007
   213/617-9185 (Fax)

Christopher Kim
Lisa J. Yang
Lim Ruger & Kim LLP
1055 West Seventh Street, Suite 2800
Los Angeles, CA 90017
   213/955-9500
   213/955-0511 (Fax)

Marc A. Topaz
Richard A. Maniskas
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004
   610/667-7706
   610/667-7056 (Fax)

Andrew S. Brignone
Schreck Brignone
300 South Fourth Street, Suite 1200
Las Vegas, NV 89101
   702/382-2101
   702/382-8135 (Fax)

Jules Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY 10017
   212/687-7230
   212/490-2022 (Fax)

Michael D. Braun
Timothy J. Burke
Stull, Stull & Brody
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA 90024
   310/209-2468
   310/209-2087 (Fax)

ACTIVISION CA

Service List - 7/8/2004    (04-0098)

Page 3 of 3

Joseph H. Weiss
Weiss & Yourman
551 Fifth Avenue, Suite 1600
New York, NY  10176
   212/682-3025
   212/682-3010 (Fax)

Francis M. Gregorek
Betsy C. Manifold
Francis A. Bottini, Jr.
Wolf Haldenstein Adler Freeman & Herz, LLP
750 B Street, Suite 2770
San Diego, CA  92101
   619/239-4599
   619/234-4599 (Fax)

SCANNED

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
ANTHONY CAPONE, Individually and On
Behalf of All Others Similarly Situated,

                  Plaintiff(s),

        -against-

R&G FINANCIAL CORP., ET AL.,

                 Defendant(s).
-------------------------------------X
DAN REIKES, Individually and On
Behalf of All Others Similarly Situated,

                  Plaintiff(s),

        -against-

R&G FINANCIAL CORP., ET AL.,

                 Defendant(s).
-------------------------------------X
BENJAMIN ROUSSEY, Individually and On
Behalf of All Others Similarly Situated,

                  Plaintiff(s),

        -against-

R&G FINANCIAL CORP., ET AL.,

                 Defendant(s).
-------------------------------------X
JAMES FINN, Individually and On
Behalf of All Others Similarly Situated,

                  Plaintiff(s),

        -against-

R&G FINANCIAL CORP., ET AL.,

                 Defendant(s).
-------------------------------------X

05 Civ. 4186 (JES)

**ORDER**

05 Civ. 4265 (JES)

**ORDER**

05 Civ. 4402 (JES)

**ORDER**

05 Civ. 4766 (JES)

**ORDER**

------------------------------------X
DESMOND L. MURPHY, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff(s),

        -against-                              05 Civ. 4974 (JES)

R&G FINANCIAL CORP., ET AL.,                         **ORDER**

                Defendant(s).
------------------------------------X
AGNES PILOT AND LISA PILOT, Individually
and On Behalf of All Others Similarly
Situated,

                Plaintiff(s),

        -against-                              05 Civ. 5069 (JES)

R&G FINANCIAL CORP., ET AL.,                         **ORDER**

                Defendant(s).
------------------------------------X
RUSSELL J. HEBETS, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff(s),

        -against-                              05 Civ. 5421 (JES)

R&G FINANCIAL CORP., ET AL.,                         **ORDER**

                Defendant(s).
------------------------------------X

      The above-captioned actions having come before the Court, and
prospective lead plaintiffs having submitted Motions for
Consolidation and for Appointment as Lead Plaintiff dated June 27,
2005, and plaintiff Institutional Investor Group having submitted
a Memorandum in Further Support dated July 5, 2005, and plaintiffs
City of Philadelphia Board of Pensions and Retirement
("Philadelphia") and General Retirement System of the City of
Detroit ("Detroit") having submitted a Joint Memorandum of Law
dated July 5, 2005, and counsel to all parties having come before
the Court for Oral Argument on July 25, 2005, and the Court having
considered all matters raised, it is

      **ORDERED** that the above-captioned actions shall be and hereby

are consolidated for all purposes and that subsequently filed or transferred actions on behalf of the purchasers of the securities of R&G Financial Corporation related to the claims asserted in those cases shall likewise be consolidated; and it is further

**ORDERED** that the consolidated action shall be captioned "In re R&G Financial Corporation Securities Litigation," and shall be maintained under the Master File No. 05 Civ. 4186 (JES); and it is further

**ORDERED** that the motion of Philadelphia and Detroit to be appointed co-lead plaintiffs shall be and hereby is granted; and it is further

**ORDERED** that the firms of Barrack Rodos & Bacine and Bernstein Litowitz Berger & Grossman LLP, having been selected as counsel by Philadelphia and Detroit, respectively, shall be and hereby are appointed co-lead counsel; and it is further

**ORDERED** that all other motions to be appointed lead plaintiff shall be and hereby are denied; and it is further

**ORDERED** that an Amended Consolidated Class Action Complaint shall be filed on or before September 21, 2005; and it is further

**ORDERED** that a Pre-Trial Conference shall occur on October 7, 2005 at 3:00 p.m. in Courtroom 705, 40 Centre Street.


Dated:  New York, New York
        July  26  ,  2005


                                John E. Sprizzo
                                United States District Judge

# Exhibit C

AB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGARET K. HILL, Trustee of Kelk )
Irrevocable Trust, on behalf of )
herself and all others similarly )
situated, )
 )
   Plaintiff, )
 )
   v. ) No. 05 C 2602
 )
THE TRIBUNE COMPANY, DENNIS J. )
FITZSIMONS, DONALD C. GRENESKO, )
and JACK FULLER, )
 )
   Defendants. )
 )
_____ )
 )
LAWRENCE HOLLIE, individually and )
on behalf of all others similarly )
situated, )
 )
   Plaintiff, )
 )
   v. ) No. 05 C 2640
 )
THE TRIBUNE COMPANY, DENNIS J. )
FITZSIMONS, DONALD C. GRENESKO, )
and JACK FULLER, )
 )
   Defendants. )
 )
_____ )
 )
MICHAEL J. O'ROURKE, individually )
and on behalf of all others )
similarly situated, )
 )
   Plaintiff, )
 )
   v. ) No. 05 C 2684
 )
THE TRIBUNE COMPANY, DENNIS J. )
FITZSIMONS, DONALD C. GRENESKO, )
and JACK FULLER, )
 )
   Defendants. )
 )
_____ )

THOMAS F. MURRAY, individually and
on behalf of a class of similarly
situated Plan participants,

        Plaintiff,

     v.

THE TRIBUNE COMPANY, DENNIS J.
FITZSIMONS, JOHN W. MADIGAN,
DONALD C. GRENESKO, CHANDLER
BIGELOW, DAVID J. GRANAT, TRIBUNE
COMPANY EMPLOYEES BENEFITS
COMMITTEE, GERALD W. AGEMA,
JEFFREY CHANDLER, JOHN DOES 1-30,
FIDELITY MANAGEMENT TRUST COMPANY,
ROGER GOODAN, MARK M. HARRIS,
ENRIQUE HERNANDEZ, BETSY HOLDEN,
BRIGID E. KENNEY, THOMAS D. LEACH,
LUIS E. LEWIN, ROBERT MORRISON,
RUTHELLYN MUSLIN, WILLIAM OSBORN,
J. CHRISTOPHER REYES, IRENE M.F.
SEWELL, WILLIAM STINEHART,
DUDLEY TAFT, KATHRYN TURNER,
VANGUARD FIDUCIARY TRUST COMPANY
and MILES D. WHITE,

        Defendants.

)
)
)
)
)
)
)
)
)   No. 05 C 2927
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CHAD BOYLAN, individually and on
behalf of all others similarly
situated,

        Plaintiff,

     v.

THE TRIBUNE COMPANY, DENNIS J.
FITZSIMONS, JOHN W. MADIGAN,
DONALD C. GRENESKO, CHANDLER
BIGELOW, DAVID J. GRANAT,
JEFFREY CHANDLER, ROGER GOODAN,
ENRIQUE HERNANDEZ, JR., BETSY D.
HOLDEN, ROBERT S. MORRISON,
WILLIAM A. OSBORN, WILLIAM

)
)
)
)
)
)
)   No. 05 C 3374
)
)
)
)
)
)
)
)
)
)

- 2 -

STINEHART, JR., DUDLEY S. TAFT,  )
KATHRYN C. TURNER, JACK FULLER,  )
PATRICK G. RYAN, TRIBUNE COMPANY  )
EMPLOYEES BENEFITS COMMITTEE,  )
JOHN DOES 1-30,  )
                                 )
         Defendants.             )
                                 )
—————————————————————————        )
                                 )
ROSS M. McCAULEY,                )
                                 )
         Plaintiff,              )
                                 )
     v.                          )        No. 05 C 3377
                                 )
THE TRIBUNE COMPANY, TRIBUNE     )
COMPANY EMPLOYEE BENEFITS        )
COMMITTEE, DONALD G. GRENESKO,   )
CHANDLER BIGELOW, JEFFREY CHANDLER, )
DENNIS J. FITZSIMMONS, ROGER     )
GOODMAN, ENRIQUE HERNANDEZ, JR., )
BETSY J. HOLDEN, JOHN W. MADIGAN, )
ROBERT S. MORRISON, WILLIAM A.   )
OSBORN, CHRISTOPHER J. REYES,    )
WILLIAM STINEHART, JR., DUDLEY S. )
TAFT, KATHRYN C. TURNER, JOHN DOES )
1-30, GERALD W. AGEMA, FIDELITY  )
MANAGEMENT TRUST COMPANY, MARK M. )
HARRIS, BRIGID E. KENNEY,        )
THOMAS D. LEACH, LUIS E. LEWIN,  )
RUTHELLYN MUSIL, IRENE M.F.      )
SEWELL, VANGUARD FIDUCIARY TRUST )
COMPANY, and MILES D. WHITE,     )
                                 )
         Defendants.             )
                                 )
—————————————————————————        )
                                 )
KENNETH PUGH, individually and   )
behalf of himself and a class of )
persons similarly situated,      )
                                 )
         Plaintiff,              )
                                 )
     v.                          )        No. 05 C 3390
                                 )
THE TRIBUNE COMPANY, DENNIS J.   )
FITZSIMMONS, DONALD C. GRENESKO, )

- 3 -

TRIBUNE COMPANY EMPLOYEE BENEFITS          )
COMMITTEE, CHANDLER BIGELOW,               )
JOHN DOES 1-30, and RICHARD                )
ROES 1-30,                                 )
                                           )
              Defendants.                  )
                                           )
                                           )
─────────────────────────────────         )
                                           )
ANTHONY BURDELAS, on behalf of             )
himself and all others similarly          )
situated,                                  )
                                           )
              Plaintiff,                   )
                                           )
                                           )
       v.                                  )       No. 05 C 3928
                                           )
THE TRIBUNE COMPANY, TRIBUNE EMPLOYEE      )
BENEFITS COMMITTEE, DONALD G.              )
GRENESKO, CHANDLER BIGELOW,                )
JEFFREY CHANDLER, DENNIS J.                )
FITZSIMONS, ROGER GOODAN,                  )
ENRIQUE HERNANDEZ, JR.,                    )
BETSY J. HOLDEN, JOHN W. MADIGAN,          )
ROBERT S. MORRISON, WILLIAM A.            )
OSBORN, J. CHRISTOPHER REYES,              )
WILLIAM STINEHART, JR., DUDLEY S.          )
TAFT, KATHERINE C. TURNER,                 )
JOHN DOES 1-30,                            )
                                           )
              Defendants.                  )
                                           )
─────────────────────────────────

## MEMORANDUM OPINION AND ORDER

Before the court are eight cases that fall into two categories.  All the cases involve investments in Tribune Company stock.  Overstatements regarding the circulation of certain newspapers owned by the Tribune Company and a drop in share

- 4 -

prices following disclosure of the overstatements of circulation are alleged. Three cases[1] are brought on behalf of a putative class of persons who purchased Tribune Company stock between January 24, 2002 and July 15, 2004. These cases allege violations of federal securities law and are governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Five cases[2] are brought on behalf of participants in two Tribune Company pension plans who held Tribune Company shares in their accounts during the pertinent time period.[3] These cases allege that certain Tribune Company officials who had knowledge of the overstated circulations were also fiduciaries of the pension plans. The defendants allegedly breached their fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").

Before the court are motions to consolidate each of the two sets of cases and appoint lead plaintiffs and lead counsel.

---

[1]The three cases are Hill v. Tribune Co., No. 05 C 2602 (N.D. Ill.); Hollie v. Tribune Co., No. 05 C 2640 (N.D. Ill.); and O'Rourke v. Tribune Co., No. 05 C 2684 (N.D. Ill.). Collectively, these cases will be referred to as the "Securities Cases."

[2]The five cases are Murray v. Tribune Co., No. 05 C 2927 (N.D. Ill.); Boylan v. Tribune Co., No. 05 C 3374 (N.D. Ill.); McCauley v. Tribune Co., No. 05 C 3377 (N.D. Ill.); Pugh v. Tribune Co., No. 05 C 3390 (N.D. Ill.); and Burdelas v. Tribune Co., No. 05 C 3928 (N.D. Ill.). Collectively, these cases will be referred to as the "ERISA Cases."

[3]The complaints propose various class periods.

- 5 -

The motions in the Securities Cases are pursuant to provisions of
the PSLRA.  The motions in the ERISA cases are pursuant to Fed.
R. Civ. P. 42 and 23(g).  As to each set of cases, the parties
agree that the cases should be consolidated and that lead
plaintiffs/counsel should be appointed.  All parties also agree
that the two types of cases, Securities and ERISA Cases, should
be separately consolidated, though with coordinated discovery.
The disagreement concerns who should be appointed as lead
plaintiffs and counsel.  As to each set of cases, there are two
competing plaintiffs/counsel.[4]

---

[4]The ERISA Cases were reassigned to this bench with the
motions for appointment of lead plaintiffs/counsel already fully
briefed.  The Securities Cases briefing schedule on the motions
did not provide for replies.  After the answer briefs were filed,
two letters from counsel were sent to the court.  One of those
letters indicated a desire to file a reply brief and the other
letter was a response to the first letter.  A secretary skimmed
the first two paragraphs of each letter in order to generally
determine its subject matter and then returned each to the sender
with a note that any communication with the court should be by
motion or other appropriate pleading.  The letters were not
reviewed by the court.  Also, telephone calls were received by
chambers staff indicating that one or more parties would be
moving to file a reply brief.  Although motions by letter and
telephone obviously are not considered, the court would not begin
working on the pending motions only to receive additional briefs
midstream.  The court delayed considering the pending motions
until it appeared that no further motions to file additional
briefs would be filed.  The attorneys involved in these cases are
admonished that, other then oral statements at court hearings,
communication with the court shall be limited to written motions
and other appropriate written pleadings.  Letters to a judge are
an inappropriate form of communication and telephonic
communications with the judge's staff are to be limited to
telephone calls to the minute clerk (courtroom deputy) regarding
scheduling or simple procedural issues not covered by the Federal

- 6 -

The Securities Cases will be considered first. Since the cases all concern the same subject matter and essentially the same claims, the motion to consolidate will be granted. All the cases except the <u>Hill</u> case (05 C 2602), which is the lowest numbered case, will be dismissed without prejudice and lead plaintiffs will be required to file a consolidated class action complaint in 05 C 2602. All further filings will be made in 05 C 2602.

Following the filing of the first Securities Case, the notice required by 15 U.S.C. § 78u-4(a)(3)(A) was timely issued. Initially, three sets of plaintiffs/counsel moved for appointment. Two of the sets subsequently combined together in a single motion. There are two sets of plaintiffs/counsel presently seeking appointment. The court must determine which lead plaintiffs are "most capable of adequately representing the interests of class members." <u>Id.</u> § 78u-4(a)(3)(B)(i). As to any plaintiffs who have filed a complaint or responded to the required notice and who otherwise satisfied the requirements of Fed. R. Civ. P. 23, it is rebuttably presumed that the most adequate plaintiff is the one with "the largest financial interest in the relief sought by the class." <u>Id.</u>

_____

Rules of Civil Procedure or the Northern District of Illinois Local Rules. For additional information concerning court practices, see the Northern District of Illinois website: http://www.ilnd.uscourts.gov/JUDGE/HART/wthpage.htm.

§ 78u-4(a)(3)(B)(iii)(I).  This presumption may only be overcome by proof that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Id. § 78u-4(a)(3)(B)(iii)(II).

The PSLRA also provides:

> For purposes of this subparagraph, discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

Id. § 78u-4(a)(3)(B)(iv).

One group that seeks to be appointed lead plaintiffs includes Deka Investment GmbH ("Deka Funds"), which manages and controls seven mutual funds that purchased Tribune Company stock during the pertinent time period.  Deka Funds seeks to be co-lead plaintiff along with Livonia Employees' Retirement System ("Livonia").  Jointly, they refer to themselves as the "Institutional Investor Group."  They propose the law firms of Murray, Frank & Sailer LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP as co-lead counsel, with the law firm of Lasky & Rifind, Ltd. as liaison counsel.  The other plaintiff

seeking appointment as lead plaintiff is the City of Philadelphia
Board of Pensions and Retirement ("CPBPR").  CPBPR proposes the
law firms of Pomerantz Haudek Block Grossman & Gross LLP and
Berger & Montague, P.C. as co-lead counsel.

The first issue to decide is which proposed lead
plaintiff has the largest financial interest.  During the
proposed class period, CPBPR and Deka Funds both bought and sold
Tribune Company shares.  Livonia only purchased shares.
Initially, each party calculated its losses during the class
period using a first-in-first-out ("FIFO") methodology.  Under
that methodology, CPBPR had a $310,600.00 loss, Livonia had a
$101,000 loss, and Deka Funds had a $3,646,545 loss.  In its
answer to the other movants, CPBPR argued that it is more
appropriate to use a last-in-last-out ("LIFO") methodology.  Use
of that methodology would not affect the calculation of Livonia's
losses since it did not have any sales during the class period.
Using LIFO methodology reduces CPBPR's losses to $289,957, which
would still be larger than Livonia.  As to Deka Funds, during the
class period, it sold more shares than it purchased.  As a net
seller of Tribune Company shares, it may be viewed as gaining
from the alleged overvaluation of shares during the class period.

The PSLRA does not specify how the "largest financial
interest" that is the basis of the § 78u-4(a)(3)(B)(iii)(I)
presumption is to be calculated.  The current majority view,

- 9 -

however, apparently is that securities fraud losses should be calculated using LIFO.  In re eSpeed, Inc. Securities Litigation, 2005 WL 1653933 *4 (S.D.N.Y. July 13, 2005).  LIFO is also often used in determining the largest financial interest for purposes of the PSLRA lead plaintiff presumption.  Id.  A leading proponent of using that methodology is Judge Shadur of this court.  See In re Comdisco Securities Litigation, 2004 WL 905938 (N.D. Ill. April 26, 2004); In re Comdisco Securities Litigation, 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001).  Under that methodology, a potential lead plaintiff which, during the class period, was a net seller of the pertinent stock generally has a net gain and therefore generally will not have the largest financial interest in the litigation.  See id.; In re Critical Path, Inc. Securities Litigation, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001); In re Goodyear Tire & Rubber Co. Securities Litigation, 2004 WL 3314943 *4 (N.D. Ohio May 12, 2004); In re McKesson HBOC, Inc. Securities Litigation, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999).  See also Andrada v. Atherogenics, Inc., 2005 WL 912359 *4 (S.D.N.Y. April 19, 2005); In re Cardinal Health, Inc. Securities Litigation, 226 F.R.D. 298, 308 (S.D. Ohio 2005).

Because Deka Funds was a net seller of Tribune Company shares, its financial interest in the litigation is not as large as CPBPR's nor are the combined interests of Livonia and Deka

- 10 -

Funds as large as CPBPR's interest.  CPBPR is the presumptive lead plaintiff.[5]  There is no contention that CPBPR is an inadequate representative nor that it has any unique defenses. The court's independent examination of CPBPR's submission also reveals no deficiencies with CPBPR nor the proposed lead counsel. CPBPR and its counsel will be appointed lead plaintiff/counsel for the Securities Cases and will be required to file a consolidated amended class action complaint in 05 C 2602.

The ERISA cases do not contain claims for violation of federal securities laws.  The PSLRA provisions regarding appointment of lead plaintiff and lead counsel are not applicable to the ERISA cases.  Instead, appointment of counsel in the ERISA cases is governed by Fed. R. Civ. P. 23.  Although both sets of moving parties also seek appointment of lead plaintiffs, they cite no statute, rule, or case law requiring or permitting such an appointment.  There is no express provision in Rule 23 regarding the appointment of a lead plaintiff.  The only possible authority for such an appointment would be Rule 23(d)'s general provisions permitting a court to make certain orders appropriate

---

[5]Since CPBPR is the presumptive lead plaintiff, it is unnecessary to consider CPBPR's contentions that Deka Funds has not provided an adequate certification, would not be an adequate representative, and would have unique defenses. Also, CPBPR's motion regarding discovery as to Deka Funds' qualifications and its motion to file a reply in support of that motion are rendered moot.

for class actions.  When time comes to rule on class certification, the court will have to determine whether a named plaintiff is an adequate representative, <u>see</u> Fed. R. Civ. P. 23(a)(4), 23(c), but that is not the same as appointing a lead plaintiff.  <u>In re Initial Public Offering Securities Litigation</u>, 214 F.R.D. 117, 123 (S.D.N.Y. 2002); <u>Greater Pa. Carpenters Pension Fund v. Whitehall Jewellers, Inc.</u>, 2005 WL 61480 *7 (N.D. Ill. Jan. 10, 2005).  Moreover, the PSLRA presumes a lead plaintiff who is involved in and takes a critical role in managing the litigation.  The lead plaintiff provision of the PSLRA is designed to contribute to the litigation being investor-driven instead of lawyer-driven.  <u>Initial Public Offering</u>, 214 F.R.D. at 123.  Rule 23 is different.  It provides that class counsel "must fairly and adequately represent the interests of the class," not the named or lead plaintiff.  Fed. R. Civ. P. 23(g)(1)(B).  Class counsel's primary obligation is to the interests of the class and not any conflicting interests of the named plaintiff who may have been the initial client.  <u>See</u> Advisory Committee Notes to the 2003 Amendments to Rule 23.  At this time, the primary issue for the court is who should be appointed interim class counsel.

     Rule 23(g) provides criteria to consider when appointing class counsel.  No distinction is made regarding appointing interim counsel.

In appointing class counsel, the court
(i) must consider:
• the work counsel has done in identifying
or investigating potential claims in the action,
• counsel's experience in handling class
actions, other complex litigation, and claims of
the type asserted in the action,
• counsel's knowledge of the applicable law,
and
• the resources counsel will commit to
representing the class;
(ii) may consider any other matter pertinent
to counsel's ability to fairly and adequately
represent the interests of the class;
(iii) may direct potential class counsel to
provide information on any subject pertinent to
the appointment and to propose terms for attorney
fees and nontaxable costs; and
(iv) may make further orders in connection
with the appointment.

Fed. R. Civ. P. 23(g)(1)(C).

There are two competing groups for appointment as interim
class counsel in the ERISA cases. One group, which represents
Pugh and Boylan as plaintiffs, consists of the law firms of
Stull, Stull & Brody and Scott & Scott as co-lead counsel and
Robert D. Allison & Associates as liaison counsel (the "Stull
Group"). The other group, which represents Murray and McCauley
as plaintiffs, consists of the law firms of Lowey Dannenberg
Bemporad & Selinger, P.C. and Schatz & Nobel, P.C. as co-lead
counsel and Susman, Watkins & Wylie, LLP as liaison counsel (the
"Lowey Group"). All parties agree that the cases are appropriate
for consolidation. Since the cases all concern the same subject
matter and essentially the same claims, the motion to consolidate

- 13 -

will be granted.  All the cases except the Murray case (No.
05 C 2927), which is the lowest numbered case, will be dismissed
without prejudice and interim counsel will be required to file a
consolidated class action complaint in No. 05 C 2927.  All
further filings will be made in 05 C 2927.

　　　　Although the two groups make competing contentions
regarding their skills, resources, and time already devoted to
the case, both appear to be experienced litigators with the
skills and resources necessary to handle the present type of
litigation.  The Lowey Group contends it began its investigation
earlier and has devoted more time to the case.  Any differences
as to who investigated the claims first is only a difference of
weeks.  The differences are not significant.  The Lowey Group has
not provided any convincing evidence that, compared to the Stull
Group, it has already devoted substantially more time to
identifying and investigating potential claims.  The Lowey Group
also contends it stands out because it has counsel in Chicago and
also counsel in New York, where some of the pertinent newspapers
are located.  In both groups, however, liaison counsel (not lead
counsel) are located in Chicago.  Both groups also have one lead
counsel law firm located in New York.  The Stull Group contends
it has more resources presently available because it recently
completed work on another class action.  While that may be given
some weight, it appears that the Lowey Group also has adequate

- 14 -

resources. Significantly, neither group makes any representation as to the level of attorney fees it intends to request. Neither group attempted to distinguish itself by indicating it would seek a lower amount of attorney fees out of any award to the putative class.[6]

While it is a close question as to which group to appoint, it appears that the Stull Group has more experience and possibly greater resources. The Stull Group, in the structure proposed, will be appointed interim counsel. They shall file a consolidated amended class action complaint in 05 C 2927. Since they were already clients of these law firms, the amended complaint may name Pugh and Boylan as named plaintiffs. However, to the extent that it may be determined that one or both would not be adequate plaintiffs for a class action, counsel may move to add or substitute other named plaintiffs.

IT IS THEREFORE ORDERED that:

(1) Cases 05 C 2640, 05 C 2684, 05 C 3374, 05 C 3377, 05 C 3390, and 05 C 3928 are dismissed without prejudice.

---

[6]Any subsequent motion for class certification shall include information regarding any then-existing agreement concerning attorney fees and the nature of any potential fee request, and shall address the question of whether a class certification order should contain any provisions regarding attorney fees.

- 15 -

(2) In case 05 C 2602:

(a) Defendants' agreed motion and plaintiff Livonia Employee Retirement System's motions for consolidation [5, 17] are granted.

(b) Plaintiff City of Philadelphia Board of Pension and Retirement's motion for appointment as lead plaintiff and for approval of lead counsel [10] is granted in part and denied in part.

(c) Plaintiffs Deka Investment GmbH's and Livonia Employee Retirement System's motions for appointment as lead plaintiff and for approval of lead counsel [14, 17] are denied.

(d) Plaintiff City of Philadelphia Board of Pension and Retirement's motions for discovery [27] and for leave to file a reply [42] are denied without prejudice as moot.

(e) Plaintiff City of Philadelphia Board of Pension and Retirement is appointed lead plaintiff in this case.  The law firms of Pomerantz Haudek Block Grossman & Gross LLP and Berger & Montague, P.C. are appointed co-lead counsel in this case.

(f) By October 28, 2005, lead plaintiff shall file an amended consolidated class action complaint.  By November 14, 2005, defendants shall answer or otherwise plead to the amended consolidated class action complaint.  Any motion shall be supported by a brief.

- 16 -

(3) In case 05 C 2927:

(a) Plaintiffs' motions for consolidation [21, 24] are granted.

(b) Plaintiffs Murray's and McCauley's motion for appointment of lead plaintiff and establishment of leadership structure [21] is denied.

(c) Plaintiffs Pugh's and Boylan's motion for appointment of co-lead plaintiffs, co-lead counsel, and liaison counsel [24] is granted in part and denied in part.

(d) The law firms of Stull, Stull & Brody and Scott & Scott are appointed interim co-lead class counsel and the law firm of Robert D. Allison & Associates is appointed interim liaison counsel.

(e) By October 28, 2005, interim counsel shall file an amended consolidated class action complaint. By November 14, 2005, defendants shall answer or otherwise plead to the amended consolidated class action complaint. Any motion shall be supported by a brief.

(4) Discovery in cases 05 C 2602 and 05 C 2927 is to be coordinated. Discovery taken or produced by any party may be used in either case. Until further order, any pleading or motion, regardless of whether it arguably pertains to only one of the cases, shall be served on the parties in both cases. Joint

status hearings will be held for both cases.  A status hearing
will be held on November 30, 2005 at 11:00 a.m.


                    ENTER:


                                    _____
                                    UNITED STATES DISTRICT JUDGE


DATED:  OCTOBER  13 , 2005


                            - 18 -