# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PARKER FREELAND, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>IRIDIUM WORLD COMMUNICATIONS, LTD., et al.,<br><br>    Defendants. | Civil Action Nos. 99-1002, 99-1017, 99-1036, 99-1053, 99-1058, 99-1096, 99-1117, 99-1128, 99-1159, 99-1259, 99-1333, 99-1373, 99-1374, 99-1375, 99-1411, 99-1424, 99-1492, 99-1506, 99-1561, and 99-1647 (consolidated)<br><br>**FILED**<br><br>MAR 15 2001<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

MEMORANDUM AND ORDER

Before the Court are two sets of motions: (1) Plaintiffs' Group's motions for consolidation of related actions, appointment of lead plaintiffs and approval of lead plaintiffs' selection of co-lead counsel, and (2) the Noteholder Group's motions for appointment of independent lead plaintiffs and lead counsel. With regard to consolidation, the Court finds that the 20 actions that are the subject of the motion involve common questions of law and fact. Furthermore, none of the parties to these actions opposes consolidation. Accordingly, consolidation pursuant to Fed. R. Civ. P. 42 is appropriate.

With regard to the motions for appointment of lead counsel and approval of lead plaintiffs, the Court finds that, although there are some deficiencies in the Plaintiffs' Group's public notices of these actions under 15 U.S.C. § 78u-4(a)(3), the notices of the Plaintiffs' Group and the Noteholder Group together have adequately put the public on notice of the pendency of class actions on behalf of all purchasers of Iridium common stock and notes for violations of federal securities laws based




on Iridium's alleged misrepresentations about its product.[1] The notices have thus served the purpose of the public notice requirement of enabling and encouraging the most adequate plaintiff to come forward and take control of the litigation. The Plaintiffs' Group has met the other requirements of the statute, demonstrating that it represents the largest financial interest on behalf of purchasers of Iridium securities, and that the claims of its proposed lead plaintiffs are typical of the class and that they will fairly and adequately represent the interests of the class.

On the present record, the Court rejects the Noteholder Group's argument that the proposed lead plaintiffs cannot represent both purchasers of common stock and notes because of an alleged potential conflict of interest between those two groups of purchasers. The Court notes that two of the eight lead plaintiffs in Plaintiffs' Group purchased over $200,000 of notes, and therefore, can ably represent the interests of notes purchasers. Additionally, the contract rights of current noteholders as creditors must be adjudicated through the bankruptcy action in the Southern District of New York, and therefore, will present no occasion for creating a conflict in these consolidated actions. In fact, none of the pending complaints names the trustee of the notes as a defendant or asserts claims under the notes. Additionally, because of the automatic stay of these actions as to Iridium, the parties have represented that they will not name Iridium as a defendant in the forthcoming consolidated amended class action complaint.

---

[1] The Plaintiffs' Group's notice indicated that the Freeland action was only on behalf of purchasers of common stock and that the class period extended from September 9, 1998, to March 29, 1999. The Noteholder Group's notice indicated that another class action on behalf of notes purchasers was pending, and that the class period ran from September 9, 1998, through May 13, 1999. Although the Plaintiffs' Group now includes purchasers of notes, and the proposed class period for purchasers of both notes and common stock extends through May 13, 1999, these changes do not warrant another round of public notice, in light of the Noteholder Group's notice. The Court also finds that, at this juncture, and with the high public profile of the Iridium bankruptcy since August 13, 1999, it is highly improbable that additional public notices would encourage additional plaintiffs to come forward.

Most significantly, the Court finds that the interests of purchasers of both common stock and notes are directly aligned as to the remaining defendants because the seminal issue to be proven -- whether these defendants disseminated materially false and misleading information about Iridium's product -- is common to all purchasers of Iridium securities. Therefore, the Court finds it unnecessary to appoint separate lead plaintiffs to represent purchasers of notes, and denies the Noteholder Group's motion. However, because the Noteholder Group's counsel represents notes purchasers with a substantial financial interest in this litigation, the Court finds that it would be appropriate to put the Group's counsel, Beatie & Osborn LLP, on the proposed Executive Committee. For the foregoing reasons, it is this 15th day of March, 2001,

ORDERED, that the Plaintiffs' Group's motions for consolidation of related actions, appointment of lead plaintiffs and approval of lead plaintiff's selection of co-lead counsel [#2, #6, and #21 in C.A. 99-1002] are granted, and that the Noteholder Group's motions for appointment of independent lead plaintiff and lead counsel [#2 in C.A. 99-1561; #22 in C.A. 99-1002] are denied; and it is

FURTHER ORDERED, that the following civil actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings, and trial proceedings, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure: C.A. Nos. 99-1002, 99-1017, 99-1036, 99-1053, 99-1058, 99-1096, 99-1117, 99-1128, 99-1159, 99-1259, 99-1333, 99-1373, 99-1374, 99-1375, 99-1411, 99-1424, 99-1492, 99-1506, 99-1561, and 99-1647. All further papers filed regarding these consolidated actions shall be filed under the caption Freeland v. Iridium World Communications, Inc., et al., C.A. 99-1002 (TPJ), shall bear the case numbers of the consolidated cases, like the caption on this Memorandum and Order, and shall bear the title of the filing on the captioned page; and it is

FURTHER ORDERED, that the files in this consolidated action shall be maintained under Freeland v. Iridium World Communications, Inc., et al., C.A. 99-1002 (TPJ). The parties shall notify the Court of any other action which may be related to the subject matter of these consolidated actions if and when they become aware of such actions; and it is

FURTHER ORDERED, that pursuant to 15 U.S.C. § 78u-4(a)(3), the following Plaintiffs are appointed Lead Plaintiffs for the Class: Richard Ackerman, Richard Mandelbaum, Antonio Planos, Robert Predaina, Remy's Ltd., Allan Schulman, John Sekas, and Weda Developers, Inc.; and it is

FURTHER ORDERED, that Lead Plaintiffs' selection of counsel is approved. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(V), the law firms of Wolf Haldenstein Adler Freeman & Herz ("Wolf Haldenstein") and Milberg Weiss Bershad Hynes & Lerach ("Milberg Weiss") are appointed to serve as Co-Lead Counsel in the consolidated action and Co-Chairs of the Executive Committee, consisting of the law firms of Wolf Haldenstein, Milberg Weiss, Finkelstein Thompson & Loughran ("Finkelstein Thompson"), Entwistle & Cappucci, LLP, and Beatie & Osborn LLP. Finkelstein Thompson is appointed Liaison Counsel; and it is

FURTHER ORDERED, that Plaintiffs' Executive Committee is designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda shall be served. Plaintiffs' Executive Committee shall be generally responsible for coordinating the activities of plaintiffs' counsel during all phases of this litigation. In particular, the Committee shall conduct themselves and delegate responsibility in a manner to ensure that pre-trial and trial preparation proceeds in an efficient, effective, and economical manner, shall avoid unnecessary expenses and expenditures of time due to repetitive or redundant work product, shall speak for

plaintiffs at all conferences and in communications with defendants, and otherwise conduct the course of this litigation in an ethical and effective manner; and it is

FURTHER ORDERED, that Lead Plaintiffs shall file a Consolidated Class Action Complaint no later than 45 days from the date of the entry of this Order, which shall be deemed the operative complaint, superseding all complaints filed in any of the actions consolidated hereunder. The Consolidated Class Action Complaint shall be treated as if it were the original complaint except that all defendants shall have 45 days after filing and service of the Consolidated Class Action Complaint to answer or otherwise respond, unless otherwise agreed to between the parties.

                                                Thomas Penfield Jackson
                                                U.S. District Judge