IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re XM Satellite Radio Holdings Securities Litigation | RESPONSE TO RON PRICE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |
| This Document Relates To: All Actions | Civil Action No. 06-0802 |

In his Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Plaintiff and Approval of Selection of Counsel, Ron Price requests that the Court appoint him Lead Plaintiff on behalf of a Class of XM Satellite Radio Holdings Inc. ("XM") options purchasers. Mr. Price's Motion seeks to set him apart from all other Lead Plaintiff candidates – each of whom has asked to serve as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired publicly traded XM securities during the putative class period – such that Mr. Price would carve out a subclass for himself and his counsel to represent. Although XM and Hugh Panero (together, the "XM Defendants") take no position at this time as to the adequacy or typicality of Mr. Price (or any other Lead Plaintiff candidate for that matter) as a Lead Plaintiff (reserving such issues for a motion for class certification), they oppose Mr. Price's attempt to carve out a subclass of options purchasers at this early stage in the litigation.

*First*, because courts reserve determinations on the establishment of special subclasses for the class certification stage, it is premature for Mr. Price to seek the bifurcation of a class at the

Lead Plaintiff appointment stage. *See, e.g.*, *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003). *Second*, Mr. Price has not demonstrated any evident conflict between the interests of options purchasers and those of XM securityholders generally that would warrant the appointment of a "niche" Lead Plaintiff. *See, e.g.*, *In re Surebeam Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25022, at *30 (S.D. Cal. Jan. 5, 2004). The Court should accordingly defer any decisions on the need for subclasses (and separate legal representation for subclasses) until the class certification stage, and deny Mr. Price's Motion to the extent it seeks his appointment as Lead Plaintiff for an options purchasers subclass.

## I. THE CLASS CERTIFICATION STAGE IS THE PROPER TIME FOR THE COURT TO DETERMINE WHETHER TO ESTABLISH A SUBCLASS.

Under the process created by the Private Litigation Securities Reform Act (the "Reform Act"), the yet-to-be-named Lead Plaintiff will have a "responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, *at the class certification stage*, to have distinct interests or claims." *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d at 205 (emphasis added).[1] The rationale for this approach is simple: nothing in the Reform Act prohibits the ultimate Lead Plaintiff – even one who arguably lacks standing to bring suit on behalf of a certain group of securityholders (Ron Price Mot. at 6-7; Ron Price Opp. at 3-4) – from constructing a consolidated complaint that

---

[1] Federal Rule of Civil Procedure 23(c) confirms the validity of addressing subclass issues at the class certification stage, providing that "the court must—at an early practicable time—determine by order whether to certify the action as a class action…. When appropriate … a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly.". Fed. R. Civ. P. 23(c)(1)(A) & (4)(B) ("[T]"); *see also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 202-203 (3d Cir. 2005) ("A district court hearing a class action has the discretion to divide the class into subclasses and certify each subclass separately.").

brings claims on behalf of named parties besides the Lead Plaintiff himself.  *Id.*; *see also Averdick v. Hutchinson Tech., Inc.*, 2006 U.S. Dist. LEXIS 47445, *18 (D. Minn. Feb. 9, 2006) ("The fact that plaintiffs might have different types of securities does not require a separate class or co-lead plaintiffs because lead plaintiffs need not satisfy all elements of standing with respect to the entire lawsuit under the [Reform Act].") (citations omitted).

As a result, if Mr. Price believes that his position is sufficiently distinct from that of the main purchasers class, it is at the class certification stage – not now – that he should seek to have an options purchasers subclass certified.  *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) ("While the parties have set out some well-founded and persuasive arguments for separate representation and classes or subclasses at class certification, as well as for trial, the Court does not find that such divisions are essential now.").

## II.  MR. PRICE HAS NOT SHOWN THAT A CONFLICT EXISTS BETWEEN OPTIONS PURCHASERS AND SECURITYHOLDERS.

Mr. Price – who claims $13,616 in damages in connection with a purchase of 20 options contracts on September 30, 2005 (*see* Ron Price Mem. at 3; Certification) – contends that an options purchaser subclass is necessary because a stockholder Lead Plaintiff, representing a class that includes XM stockholders (among other types of securityholders), would not pursue litigation aggressively for fear of harming the Company – and the stockholders' ongoing financial interest in the Company.  (*See* Ron Price Mem. at 6-7.)  This argument has no merit.  The same issue would face an optionholder Lead Plaintiff who might represent a class consisting, at least in part, of persons who exercised their options and now hold XM stock.  *See In re Enron*

*Corp. Sec. Litig.*, 206 F.R.D. at 454-56 (S.D. Tex. 2002) (refusing to subdivide into "niche" lead plaintiffs at lead plaintiff stage based on the type of security purchased); *see also In re Surebeam Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25022, at *28 (refusing to subdivide based on legal claims). Accordingly, there is no reason to assume that a Lead Plaintiff acting on behalf of a putative class of all XM securities purchasers would pursue this case anything less than vigorously. Indeed, establishing such a subclass would needlessly require the XM Defendants to defend two separate actions involving identical legal claims arising from identical sets of facts. *See, e.g.*, *In re Enron Corp. Sec. Litig.*, 206 F.R.D. at 451 (rejecting prospective lead plaintiff's attempt to splinter the class "in light of common facts and legal issues").

\* \* \* \*

In light of the above, the XM Defendants respectfully request that the Court deny Mr. Price's Motion to the extent it seeks his appointment as Lead Plaintiff for an options purchasers subclass.

Respectfully submitted,

Dated: July 18, 2006           WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ Charles E. Davidow
Charles E. Davidow, D.C. Bar No. 331702
John A. Valentine, D.C. Bar No. 473072
Michael A. Mugmon, D.C. Bar No. 485150
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing RESPONSE TO RON PRICE'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL by e-mail and by placing a copy of the same in the U.S. mail system, postage prepaid, on July 18, 2006 to:

Nancy M. Juda, Esq.
LEARACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
1100 Connecticut Avenue NW, Suite 730
Washington, DC 20036
*Counsel for Morris Satloff and the Boca Raton Firefighters and Police Pension Fund and Plumbers Local 267 Pension Fund*

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
Mario Alba, Jr., Esq.
LEARACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747
*Counsel for Boca Raton Firefighters and Police Pension Fund and Plumbers Local 267 Pension Fund*

Deborah R. Gross, Esq.
LAW OFFICES OF BERNARD M. GROSS, P.C.
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107
*Counsel for Boca Raton Firefighters and Police Pension Fund and Plumbers Local 267 Pension Fund*

Robert Sugarman, Esq.
SUGARMAN AND SUSSKIND
2801 Ponce De Leon, Suite 750
Coral Gables, FL 33134
*Counsel for Boca Raton Firefighters and Police Pension Fund and Plumbers Local 267 Pension Fund*

Gary Edward Mason, Esq.
THE MASON LAW FIRM
1225 19th Street, NW
Suite 500
Washington, DC  20036
*Counsel for Michael A. Bernstein and Victor Ventimiglia*

Howard T. Longman, Esq.
James E. Laham, Esq.
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
*Counsel for Victor Ventimiglia*

Gary Graifman, Esq.
KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY 10977
*Counsel for Victor Ventimiglia*

Burton John Fishman, Esq.
FORTNEY & SCOTT
1750 K Street, NW
Suite 325
Washington, DC  20006
*Counsel for Gary Boland*

Arthur L. Shingler, III, Esq.
SCOTT & SCOTT LLC
600 B Street
Suite 1500
San Diego, CA 92101
*Counsel for Gary Boland*

Steven J. Toll, Esq.
Joseph P. Helm, III, Esq.
Daniel S. Sommers, Esq.
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
*Counsel for Morris Satloff, Stephen L. Carey, Eugene Vassiltsov, Lou Ann Murphy, Li-Jay Chu, Janet Frank, Robert Martin, and The Zarif Group*

Stuart J. Guber, Esq.
James M. Evangelista, Esq.
MOTLEY RICE LLC
One Georgia Center
600 West Peachtree Street, Suite 800
Atlanta, GA 30308
*Counsel for The Zarif Group*

Lewis S. Kahn, Esq.
Michael A. Swick, Esq.
KAHN GAUTHER SWICK, LLC
650 Poydras St., Suite 2150
New Orleans, LA 70130
*Counsel for The Zarif Group*

Jonathan Watson Cuneo, Esq.
CUNEO GILBERT & LADUCA, LLP
507 C Street NE
Washington, DC 20002
*Counsel for Adam Barber*

Vahn Alexander, Esq.
Janine Sperandeo, Esq.
YOURMAN ALEXANDER & PAREKH LLP
3601 Aviation Blvd., Suite 3000
Manhattan Beach, CA  90266
*Attorney for Adam Barber*

-7-

Donald J. Enright, Esq.
Karen Jennifer Marcus, Esq.
FINKELSTEIN THOMPSON & LOUGHRAN
1050 30th Street, NW
Washington, DC  20007
*Counsel for Gerald Alan Cassel, Sr. and Ron Price*

Kimberly A. Chadwick, Esq.
DOHERTY, SHERIDAN & PERSIAN LLP
8408 Arlington Blvd., Suite 200
Fairfax, VA 22031
*Counsel for Booth Family Trust*

William B. Federman, Esq.
FEDERMAN & SHERWOOD
120 North Robinson, Suite 2720
Oklahoma City, OK 73102
*Counsel for Booth Family Trust*

/s/ Lisa Gasparott_____
Lisa Gasparott
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363