UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE: XM SATELLITE RADIO HOLDINGS SECURITIES LITIGATION | ) ) ) ) Case No. 06-0802 (ESH) |
| This Document Relates to: All Actions | ) ) ) ) |

**MOVANT RON PRICE'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

**INTRODUCTION**

Before the Court are several competing motions for appointment as lead plaintiffs in the above captioned action and the associated actions to be consolidated therewith. Movant Ron Price ("Movant" or "Price") hereby filed this Reply Memorandum of Law in further support of his Motion for appointment as lead plaintiff on behalf of a class consisting of all purchasers of XM Satellite Radio Holdings ("XM") options between July 28, 2006 and February 15, 2006 (the "Class Period").[1]

The XM Shareholder Group and the Boca Raton and Plumbers Local 267 ("Boca Raton Group") lack standing and typicality to represent the XM Options Class. As such, and because of position jockeying and serious miscalculations contained in their

---

[1] In addition to the Oppositions filed by the XM Shareholder Group and the Boca Raton Group, the XM Defendants have filed an Opposition which specifically regards Ron Price's Motion for Appointment as Lead Plaintiff on behalf of options purchasers. Under the PSLRA, only class members may weigh in when determining the lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (in appointing a lead plaintiff "the court shall consider any motion made by a purported class member"), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (the presumption that a plaintiff is the most adequate plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class."). Defendants lack standing to object to the appointment of a lead plaintiff. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129 (D. Cal. 1999); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (D. Tex. 1997). Moreover, Defendants' Opposition should be striken as it was filed after the July 17, 2006 deadline for Lead Plaintiff Opposition motions.

1

pleadings, the XM Shareholder Group or the Boca Raton Group (collectively referred to as "Common Stock Purchasers") should be not appointed as lead plaintiffs for the XM Options Class.  As such, and as more fully set forth below and in Movant's previously-filed memoranda of law, the Court should appoint Price as lead plaintiff on behalf of the XM Options Class.

## ARGUMENT

### I.    PRICE ALONE POSSESSES THE STANDING TO REPRESENT THE OPTIONS CLASS.

The PSLRA provides in part that the Court must make a preliminary determination at the lead plaintiff stage as to the adequacy and typicality of the proposed lead plaintiff under Fed.R.Civ.Pro. 23.  *See* 15 U.S.C. §78u-4(a)(3)(B).  To satisfy the adequacy and typicality analysis, a lead plaintiff must have standing to assert the class' claim: "To have standing to sue as a class representative it is essential that a plaintiff must be part of that class. . . ."   *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974); *see also DiJulio v. Digicon, Inc.*, 339 F. Supp. 1284, 1292-93 (D. Md. 1972) (" . . . a party who lacks standing to sue on his own behalf may not assert claims on behalf of an alleged class of which he is not a member.").  Here, the Common Stock Purchasers do not have standing to sue on behalf of the options purchasers.  Thus, the Common Stock Purchasers are flatly atypical of the XM Options Class and cannot satisfy the requirements of Rule 23 and 12 U.S.C.  78u-4(a)(3)(B).  The Common Stock Purchasers do not have standing to be included in the Options Class and they most certainly do not have standing to *represent* the Options Class.[2]

---

[2] Ironically, the XM Shareholder Group attacks Ron Price's Lead Plaintiff motion because it only includes purchasers of call options in the definition of "Options Class" and does not include sellers of put options. See Joint Opposition of Plaintiffs the Zarif Group and Adam Barber to Competing Motions For

2

Ron Price, an options purchaser, would not be able to represent the stockholders claims in an action against XM because he lacks standing to do so and is subject to unique defenses irrelevant to stockholders' claims. *See Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377, 391 (D.N.J. 1998) (refusing to appoint an options purchaser as class representative for the entire class of plaintiffs because of factual issues that apply only to options purchasers); *Margolis v. Caterpillar, Inc., G.A.*, 815 F. Supp. 1150, 1156 (D. Ill. 1991) (allowing an options holder to only represent a class of options holders and not stockholders as his claim as an option holder was not typical of a stock purchaser's claim). Similarly, it is inappropriate to have stockholders representing options purchasers when they lack the standing to do so. For instance, in *Miller v. Ventro Corp.*, the court noted that where there were problems with standing, the creation of a subclass is warranted. *See Miller v. Ventro Corp.*, 2001 U.S. Dist. LEXIS 26027, *37 (D. Cal. 2001) (appointing separate lead plaintiffs for bondholders and stockholders to serve as co-lead plaintiffs, to ensure that the bondholders' interests are adequately represented); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 406 (D. Minn. 1998) (creating a separate options class because of standing concerns), *rev'd* on unrelated grounds, *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645 (8th Cir. 2001).[3]

---

Appointment As Lead Plaintiff & Selection of Counsel, fn 6. However, Price is a purchaser of call options and does not seek to represent a class of sellers of put options *because he lacks standing to do so*, just as the XM Shareholder Group and Boca Raton Group lack standing to represent a class including purchasers of call options or sellers of put options.

[3] Despite unsupported claims by the Boca Raton Group, Mr. Price's appointment as representative for an Options Class was not nullified by his counsel's consent to the consolidation of the actions pending against XM in the District Court for the District of Columbia. Memorandum In Further Support of Boca Raton and Plumbers Local 267's Motion For Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel and In Opposition to the Competing Motions ("Boca Raton Group Opp."), fn. 5. Finkelstein, Thompson & Loughran ("FT&L") agreed to consolidation on behalf of Gerald Cassell, a stockholder who was FT&L's only client with a pending action at the time. FT&L did not consent to consolidation in regards to Mr. Ron Price's claims, who at that point had not filed a motion for appointment of lead plaintiff

## II.     THE XM SHAREHOLDER GROUP IS NOT COHESIVE AND IS AN INADEQUATE REPRESENTATIVE.

The formation of the XM Shareholder Group is a flagrant attempt to increase the losses initially reported by the Zarif Group and Adam Barber separately. Furthermore, rather than a move prompted by the plaintiffs themselves, it is an obvious attempt by the lawyers to increase their chances for appointment as lead counsel.

The XM Shareholder Group lacks the cohesive qualities sought in a lead plaintiff, as shown by its disjointed and late formation. The facts of *In re Microstrategy Sec. Litig.* are similar to those surrounding the XM Shareholder Group's formation:

> [T]here was nothing in the record to provide any assurance that the group was cohesive, comprised of like-minded members, or otherwise likely to function as a unified group. The group failed to present evidence with respect to its formation, its operational structure, or whether the members of the group had ever communicated with one another about their roles. Furthermore, this group retained three law firms to serve as co-lead counsel; this fact suggests the group was merely a diverse collection of plaintiffs assembled by these three firms for the purpose of winning the lead plaintiff role, allowing them to share the lead counsel role. Cf. *In re Telxon*, 67 F. Supp. 2d at 813 (noting that the retention of multiple law firms to represent multiple members of a "group" is evidence that the group is not unified). The only record evidence suggesting that the group would function as a group was counsel's representation that they were "cohesive," which was not sufficient in the absence of any record evidence supporting that representation. For these reasons this group's motion was denied.

*In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 437 (D. Va. 2000); *see also In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997) ("To allow lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would

---

on behalf of options purchasers. FT&L's agreement to consolidation on behalf of Gerald Cassell in no way waives Mr. Price's claims or his motion for lead plaintiff of the Options Class.

Furthermore, Mr. Price need not file a separate complaint, *see* Boca Raton Group Opp. at fn.5 , as the complaints already pending against XM define the class as "purchasers of the publicly traded securities of XM" and which purports to include Options Purchasers. *See Vassiltsov v. XM Satellite Radio Holdings, Inc.*, No. 06-cv- 00877-ESH, Complaint at 1-2 (filed May 9, 2006).

allow and encourage lawyers to direct the litigation."); *In re Landry's Seafood Restaurant, Inc., Sec. Litig.*, 2000 U.S. Dist. LEXIS 7005 (S.D. Tex. March 30, 2000) (a group of person requires a "pre-litigation relationship based on more than their losing investment").  Here, the XM Shareholder group has provided no assurance that the group is cohesive other than counsel's representations to that effect and there are five law firms seeking to represent this "group".

      Moreover, the XM Shareholder Group seeks to combine the members of the Zarif Group with Adam Barber, after the fact.  Little is known about the ties between the members of the original Zarif Group or of their ties to Adam Barber.  *See Switzenbaum v. Orbital Scis. Corp.,* 187 F.R.D. 246, 250 (E.D. Va. 1999) (holding that a Movant group may not add members after lead plaintiff motions are filed as a means to enlarge their losses).  Such additions to an already formed group places in doubt the adequacy of representation of the plaintiff group and their ability to manage the litigation.  *See Switzenbaum*, 187 F.R.D. at 250-251. ("its inability to manage itself so far would amply rebut the  presumption that it could fairly and adequately protect others").[4]

      Not only does the late (and convenient) formation of the XM Shareholder Group cause concern but its size does as well.  The PSLRA seeks to reduce the likelihood of lawyer-driven litigation by having lead plaintiffs that are able to move the litigation forward in the interests of the class members.  *See In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 216 (D.D.C. 1999), *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 144 (D.N.J. 2000) ("the purpose behind the PSLRA is to 'empower investors so that they, not their lawyers, control private securities litigation by allowing the Court to ensure the transfer

---

[4] The competency of the XM Shareholder Group is further called into question by the circumstances which existed at the time of filing of the original lead plaintiff motions where a member of the Zarif Group, Victor Ventimiglia, filed two lead plaintiff motions with separate counsel.

5

of primary control of private securities litigation from lawyers to investors.'"). Courts have found that the larger the plaintiff group, the less likely the group is to exercise any control over the litigation:

> The greater the number of persons comprising the group the more difficult it is for those persons to communicate with each other, and to speak with a single coherent voice when making decisions about the conduct of the litigation, or, more precisely, the conduct of the attorney or attorneys in prosecuting the litigation. With the lead plaintiff group splintered and with no authoritative voice with which to exercise control over counsel, counsel is no more effectively controlled than in the pre-PSLRA era.

*In re Century Bus. Servs., Sec. Litig.*, 202 F.R.D. 532, 541 (D. Ohio 2001) (quoting *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 815-16 (D. Ohio 1999)). The *Baan* case, cited by the XM Shareholder Group itself, holds that "three should be the initial target" for the size of a lead plaintiff group. *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999) (sharing "SEC's view that where unrelated investors are to be Lead Plaintiff, a triumvirate is preferable."). There is no justification for the XM Shareholder Group's size to be larger than three members, other than to increase its loss amount for the purposes of being appointed lead plaintiff. The XM Shareholder Group is comprised of five unrelated individuals who have, thus far, acted in a disjointed manner. Furthermore, the XM Shareholder Group seems to be controlled by their lawyers, rather than the reverse.

## **CONCLUSION**

Movant is concerned with the adequacy of the proposed lead plaintiffs. Having satisfied the requirements of Rule 23 and coupled with the fact that each of the other proposed plaintiffs lacks standing to represent an Options Class, Movant believes that it is fitting for the Court to appoint him as lead plaintiff for an Options Class. Furthermore,

Movant asks the Court to appoint his counsel, Finkelstein, Thompson & Loughran as Lead Counsel for the Options Class.

For the foregoing reasons, and as set forth in Movant's opening Memorandum of Law and supporting Memorandum of Law, the Court should deny the other movants' motions to be appointed lead plaintiffs to the extent that they seek to represent the XM Options Class, and should appoint Movant as Lead Plaintiff on behalf of this Class.

Dated: July 27, 2006                         FINKELSTEIN, THOMPSON & LOUGHRAN

/S/ KAREN J. MARCUS
Donald J. Enright   (D.C. Bar #463007)
Karen J. Marcus    (D.C. Bar #486435)
The Duvall Foundry
1050 30th Street, N.W.
Washington, DC 20007
(202) 337-8000

**Counsel for Movant and Proposed Lead Counsel to the Options Class**

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing MOVANT RON PRICE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF by e-mail and by placing a copy of the same in the U.S. mail system, postage prepaid, on July 27, 2006 to:

Jonathan Cuneo, Esq.
**CUNEO GILBERT & LaDURA, LLP**
507 C Street, N.E.
Washington, D.C. 20002

Charles E. Davidow, Esq.
John A. Valentine
Michael A. Mugmon
**WILMER CUTLER PICKERING**
 **HALE AND DORR LLP**
1875 Pennsylvania Avenue NW
Washington, DC 20006

Steven J. Toll, Esq.
Joseph Helm, Esq.
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
Suite 500, West Tower
1100 New York Avenue NW
Washington, DC 20005-3934

Burton J. Fishman, Esq.
**FORTNEY & SCOTT**
1750 K Street NW, Suite 325
Washington, DC 20006

Gary Edward Mason, Esq.
**The Mason Law Firm**
1225 19th Street, Suite 500
Washington, DC 20036

Nancy M. Juda, Esq.
**LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
1100 Connecticut Avenue, N.W., Suite 730
Washington, D.C. 20036

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
Ario Alba, Jr., Esq.
**LERACH  COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP**
58 South Service Road, Suite 200
Melville, NY  11747

Deborah R. Gross, Esq.
**LAW OFFICES OF BERNARD M. GROSS., P.C.**
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107

Robert Sugarman, Esq.
**SUGARMAN and SUSSKIND**
2801 Ponce De Leon, Suite 750
Coral Gables, FL  33134

Howard T. Longman, Esq.
James E. Laham, Esq.
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY  10017

Gary Graifman, Esq.
**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY  10977

Arthur L. Shingler, III, Esq.
**SCOTT & SCOTT LLC**
600 B Street – Suite 1500
San Diego, CA  92101

Stuart J. Guber, Esq.
James, M. Evangelista, Esq.
**MOTLEY RICE LLC**
One Georgia Center
600 West Peachtree Street, Suite 800
Atlanta, GA  30308

Lewis S. Kahn, Esq.
Michael A. Swick, Esq.
**KAHN GAUTHER SWICK, LLC**
650 Poydras Street, Suite 2150
New Orleans, LA  70130

Vahn Alexander, Esq.
Janine Sperandeo, Esq.
**YOURMAN ALEXANDER & PAREKH LLP**
3601 Aviation Blvd., Suite 3000
Manhattan Beach, CA  90266

Kimberly A. Chadwick, Esq.
**DOHERTY, SHERIDAN & PERSIAN LLP**
8408 Arlington Blvd., Suite 200
Fairfax, VA  22031

William B. Federman, Esq.
**FEDERMAN & SHERWOOD**
120 North Robinson, Suite 2720
Oklahoma City, OK  73102


                                                    Karen J. Marcus
                                                    **Finkelstein, Thompson & Loughran**
                                                    The Duvall Foundry
                                                    1050 30th Street, N.W.
                                                    Washington, DC 20007
                                                    (202) 337-8000