IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re XM Satellite Radio Holdings Inc. Securities Litigation </br></br> This Document Relates To: </br> All Actions | Civil Action No. 06-0802-ESH |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants XM Satellite Radio Holdings Inc. ("XM" or the "Company") and Hugh Panero (collectively, the "XM Defendants") respectfully submit this Notice of Supplemental Authority in support of their Motion to Dismiss the Consolidated Class Action Complaint.

In an Order entered on February 20, 2007 (after briefing in connection with the XM Defendants' Motion to Dismiss the Consolidated Class Action Complaint was complete), the United States Court of Appeals for the Fourth Circuit affirmed the district court's dismissal of a securities fraud complaint alleging that a company made 48 misleading statements about its business transactions over four years and contending that certain company officers and directors engaged in suspicious trading on the basis of material non-public information. *Teachers' Ret. Sys. of La. v. Hunter*, No. 05-1998, at 37 (4th Cir. Feb. 20, 2007) [hereinafter, *In re Cree, Inc. Sec. Litig.*].

The Fourth Circuit panel majority first discussed the heightened pleading requirements under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Id.* at 9-11. Then, considering "the number and level of detail of the facts; the plausibility and coherence of the

facts; whether sources of the facts are disclosed and the apparent reliability of those sources; and any other criteria that inform how well the facts support the plaintiff's allegation that defendant's statements or omissions were misleading[,]" the majority carefully evaluated the defendant company's challenged disclosures to conclude that the plaintiff had not alleged a misrepresentation or omission under the Private Securities Litigation Reform Act (the "PSLRA") and Federal Rule of Civil Procedure 9(b). *Id.* at 14.

The majority then rejected the corporate scienter-pleading theory Plaintiffs advocated in their Opposition brief in the instant case (Opp. at 29-30), stating that "[i]f the defendant is a corporation, the plaintiff must allege facts that support a strong inference of scienter with respect to at least one authorized agent of the corporation, since corporate liability derives from the actions of its agents." *In re Cree, Inc. Sec. Litig.* at 28.

Finally, just as the XM Defendants argued that Plaintiffs had improperly omitted vested options from Mr. Panero's total holdings in alleging that his trading was suspicious or unusual in amount (Mot. at 10-11, 32-33 & n.30; Reply at 19), the majority faulted the plaintiff for excluding vested options in alleging that the individual defendants had sold almost all of their company securities during the putative class period. The plaintiff had alleged that certain defendants sold between 80% and 100% of their stock holdings but, like Plaintiffs here, had excluded vested options from their analysis. *See In re Cree, Inc. Sec. Litig.* at 29-30 ("But this allegation is unremarkable without taking into account defendants' vested stock options."). The Court of Appeals held that these allegations "[did] not provide the facts sufficient to generate the required 'strong inference'" that the defendants acted with scienter. *Id. at 30.*

A copy of the Order is attached as Exhibit A to this Notice.

Dated: March 12, 2007                    Respectfully submitted,

/s/ Charles E. Davidow
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Charles E. Davidow, D.C. Bar No. 331702
1615 L Street NW, Suite 1300
Washington, DC 20036
Tel: (202) 223-7380
Fax: (202) 223-7480

WILMER CUTLER PICKERING
 HALE AND DORR LLP

/s/ John A. Valentine
John A. Valentine, D.C. Bar No. 473072
Michael A. Mugmon, D.C. Bar No. 485150
1875 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY to the Clerk of Court for filing and uploading to the CM/ECF system on March 12, 2007. I further certify that on the same date I e-mailed and sent via U.S. mail the foregoing document to counsel of record listed below:

Nancy M. Juda, Esq.
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
1100 Connecticut Avenue NW, Suite 730
Washington, DC 20036

Samuel H. Rudman, Esq.
David A. Rosenfeld, Esq.
Mario Alba, Jr., Esq.
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747

David J. George, Esq.
Douglas Wilens, Esq.
Robert J. Robbins, Esq.
LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432

*Lead Counsel for Plaintiffs Boca Raton Firefighters and Police Pension Fund and Plumbers Local 267 Pension Fund*

Deborah R. Gross, Esq.
LAW OFFICES OF BERNARD M. GROSS, P.C.
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107

*Counsel for Plaintiffs Boca Raton Firefighters and Police Pension Fund and Plumbers Local 267 Pension Fund*

Robert Sugarman, Esq.
SUGARMAN AND SUSSKIND
2801 Ponce De Leon, Suite 750
Coral Gables, FL 33134

*Counsel for Plaintiffs Boca Raton Firefighters and Police Pension Fund and Plumbers Local 267 Pension Fund*

Kimberly A. Chadwick, Esq.
DOHERTY, SHERIDAN & PERSIAN LLP
8408 Arlington Blvd., Suite 200
Fairfax, VA 22031

*Counsel for Booth Family Trust*

William B. Federman, Esq.
FEDERMAN & SHERWOOD
120 North Robinson, Suite 2720
Oklahoma City, OK 73102

*Counsel for Booth Family Trust*

/s/ Michael A. Mugmon
Michael A. Mugmon
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363